Opinion of the court, by
Judge Hitchcock:
The first and most important question presented to the court for decision in the present case is, whether a county can be made responsible for the escape of a prisoner, confined for debts where the escape happens in consequence of the. want of a jail, or where the jail furnished by the county commissioners is insufficient. It is necessary to dispose of this question in the first place, because if the county is not liable, the judgment of the court of common pleas was erroneous, and must be reversed.
The law has been long settled in England, the country from which we derive most of our laws, as well as our ideas of jurisprudence, that the sheriff is liable for escapes. It is to him, and him alone, in such cases, that the judgment creditor can look for redress. The same principle prevails in some, although not in all, our sister states. Whenever a question of law has been settled in England, the courts in this country are in the habit of adhering to such decision. *It is undoubtedly correct that such should, as a general rule, be the case. But to adhere blindly to English decisions when no good reason can be assigned for them, or when no other reason can be assigned than that it has been thus decided, to do this without inquiring what influenced the courts to make such decisions, to do it without inquiring whether the same-reasons exist in this country as in that, would be foolish in the extreme. It is a useful maxim that when the reason of a law ceases, *328 the law itself should cease. A particular law, or rule of law, might be very beneficial in England, or one of our sister states, which, if enforced in Ohio, would be attended with injurious consequences. Influenced by these circumstances, this court has ever been in the habit of looking to the effects which would follow the adoption of any particular rule of decision. Why is the sheriff in England made liable for an escape ? The reason is obvious. The sheriff in that country, as well as in this, is the keeper of the jail. But he is not bound to confine the debtor in the public jail of the county, if there be one, but he may confine him in a house or prison furnished by himself. If the public prison is insufficient he can make all necessary repairs or alterations, and for the expense will be indemnified. In short, he may adopt any course which is essentially necessary to secure his prisoner, provided he confines him within the proper bailiwick. Such being his situation, it is perfectly proper that if the prisoner escapes, he should be liable. The escape will not happen without a violation or neglect of duty on his part, and whenever an individual sustains an injury in consequence of the violation or neglect of duty on the part of a public officer, justice requires that the officer should make reparation for that injury. But to make the officer liable where no such circumstance intervenes, when he has in fact complied with the requisitions of law and with his own duty, would be manifestly unjust. What, then, is the situation of the sheriff in Ohio ? Can he confine the debtor in such place as he thinks proper? Can he confine him in a prison of his own choice? It will not be pretended. On the contrary, the law requires that the debtor shall bo confined in the jail of the county. And should he be confined in any other *place, the sheriff would be liable to the creditor for an escape, or to the debtor for false imprisonment. True, the sheriff may, under peculiar circumstances, convey his prisonerto the jail of an adjoining county, but this is only in extraordinary cases. Is the sheriff authorized to fix upon the placo for, or to erect a jail for the county ? In the “ act providing for the erection of public buildings,” passed January 22,1810, the law in force when the escape now complained of happened, but which does not materially vary from the present law on the subject, these duties are assigned to the county commissioners.
The sheriff has no power to provide a prison, nor can he repair one unless at his own expense. Under these circumstances, to *329 make the sheriff ultimately liable for the escape of a prisoner, when the escape happens for the want of a jail, the law giving him no power to furnish such jail, or to make him liable when the escape happens through the insufficiency of the jail, the law conferring no right upon him to make necessary repairs, would be manifestly unjust. It would be to inflicta penalty on an officer who had violated no law, who had been guilty of no violation or neglect of duty. It would, in fact, be to punish him for a neglect of duty on the part of others.
When the escape is voluntary, or where it happens in consequence of the negligence of the sheriff, he ought to be liable. But where it happens in consequence of circumstances not within his control, the principles of justice require that he should be exonerated.
It may, perhaps, be thought by some that if the sheriff is to be exonerated on the grounds before specified, it would be proper to make the county commissioners liable in their individual capacity. But we must consider the capacity in which the county commissioners act. They are the representatives of the county. The money which they expend is the money of the county. The funds with which public buildings are erected, are the funds of the county. In fact, the acts of the commissioners are the acts of the county, and it is only through them that the business of the county can be transacted. And when it is said that it is the duty of the • commissioners to furnish public buildings, nothing more *is intended than that this should be done by the county. It is true the commissioners may, in some cases, be punished criminally for a neglect of duty, but this is a civil action, the object of which is to recover remuneration for a civil injury. The injury has been sustained in consequence of a neglect of duty on the part of the commissioners, not as individuals, but in their corporate capacity as the representatives of the county of Brown. If liable at all, therefore, they must be liable in this capacity.
Inasmuch, then, as it is duty of the commissioners of a county, or, in other words, of the county itself, acting by its commissioners, to furnish a good and sufficient jail; and, inasmuch, as the sheriff has no voice nor control in this business, it is the opinion of a majority of the court that where an escape happens in consequence of the want of, or insufficiency of a jail, the county must be eventually liable for such escape. Similar considerations influenced the court in the decision of the case of Campbell v. Hamp *330 son, 1 Ohio, 119, and we see no reason to change the principle there decided.
Having disposed of the question which I considered the most important in the case, I will now proceed to consider the other points made by the counsel for the plaintiffs in error. It is urged that admitting the principle settled by the court to be correct, Shaw could not, with propriety, have a recovery against Butt, turning Butt round against the county for his indemnity; but should, in the first instance, have commenced an action in his own name against the county. If this were a new question, I should feel disposed to concur in opinion with the counsel for the plaintiffs in error. It being the duty of the county to furnish a prison, and the escape having happened in consequence of a neglect of this duty, .it would seem to be proper that the county should be directly liable to the party injured. By adopting such course, circuity of action would be avoided. The party in fault would suffer for his negligence, while an innocent individual would not be put to the trouble of defending or prosecuting a suit. But I do not consider this question as open for discussion. It has been repeatedly decided that the judgment creditor must look to the sheriff *for his remedy, and in this case we settle the principle that the sheriff shall be indemnified by the county. The decision of the court of common pleas was, therefore, in this particular correct.
It is further objected that the court of common pleas permitted the record, in the case of Shaw v. Butt, to be given in evidence to the jury — the plaintiffs in error not being either parties or privies to the judgment in that case. The principle contended for is, as a general rule, undoubtedly correct. Had the action been founded upon that judgment, the record should have been excluded — such action could not have been sustained. But the foundation of the action was the negligence of the commissioners in furnishing a jail, in consequence of which the plaintiff below had sustained an injury. The extent of this injury must be ascertained, and this could be done only by showing the amount he had been compelled to pay. For this pui’pose the record was introduced. It was mere collateral matter, and for this purpose might well be given in evidence.
The next exception is that there was no evidence that Shaw proved that he sustained any damage in consequence of the escape *331 of Parker, and, therefore, that the damages in the case of Butt against the commissioners should have been merely nominal. And, moreover, that the recovery against Butt was for a voluntary escape. It is the opinion of the court that the amount of damages recovered by Shaw v. Butt is the proper rule of damages in the present case. Whether the evidence submitted to the jury was sufficient, in that case, to justify them in finding that amount of damages, we know not. The reasonable presumption is that it was. Nothing to the contrary appears, nor can the correctness of that verdict be questioned in this case. As to the nature of the escape, whatever might have been the form of action against Butt —whatever might have been the evidence in the case against him — ■ it appears from the bill of exceptions before us, that the escape happened in consequence of the want of a jail. Had a sufficient jail been furnished, the county must have been exonerated. The sheriff alone would have been liable. But such was not the fact.
*It is further objected that the court of common pleas refused to instruct the jury, that unless they believed the commissioners had been guilty of gross negligence, they must find for the defendant. Such instruction would have been improper. Should the commissioners of a county be indicted for not erecting public buildings, under section 14 of the “act establishing boards of commissioners,” it might be a good defense for them to show that they had not been guilty of gross negligence. But such defense can not be allowed in a case like the present. Here, an individual has sustained au injury in consequence of the neglect of the commissioners. The injuxy to him is the same, whether the negligence was gross or othex'wise, and he is equally entitled to redress.
An objection is made to the form of action. It is said it should have been assumpsit. But this objection will not avail. The action is a special action on the case, and well brought.
In whatever point of view I can consider the case, it appears to me that the court of common pleas were correct in the determination of the sevex'al questions submitted to them, and in this opinion a majority of the court concur.
The judgment of the court of common pleas is therefore affirmed, at the cost of the plaintiffs in error.