SATZGER ET AL., APPELLANTS, *v.* CLERMONT COUNTY BD. OF
COMMRS., APPELLEE.█
[Cite as Satzger v. Bd. of Commrs. (1973),
40 Ohio App. 2d 125.]

(No. 483—Decided September 24, 1973.)

*Mr. Edmund S. Lee,* for appellants.
*Mr. W. Kenneth Zuk,* for appellee.

HUNSICKER, J. On March 22, 1972, Mr. and Mrs. Russell R. Satzger filed a complaint in the Court of Common Pleas of Clermont County, alleging that: (1) Leah M. (Mrs. Russell R.) Satzger is the owner of 16 acres of land on Vera Cruz Pike (Route 131), Clermont County, which is the site of their residence; (2) Clermont County maintains a water tower on property that abuts the westerly line of the Satzger land; (3) "due to the negligence and/or deliberate acts and/or omissions of defendant, water has periodically overflowed from said water tower thereby creating a nuisance and causing damage to plaintiffs' property."

The prayer of the complaint asks for money damages, an injunction, and an order that the board of county commissioners pay the Satzgers $1,000 "upon the occurrence of each and any subsequent overflow from said tower which flows over plaintiffs' land."

The board of county commissioners moved that the two causes of action herein be dismissed because the board is, as a "governmental entity," immune from liability.

Further, the board maintains that no cause of action is asserted in the second claim.

The trial court sustained the motion as to the prayer for a money judgment, and dismissed that portion of the complaint, but enjoined the flow of water onto the property of the Satzgers.

Mr. and Mrs. Satzger duly filed a notice of the within appeal, insofar as it relates to the money damages.

The sole question herein relates to the question of the monetary immunity of the county for the acts alleged in the complaint. The only assignment of error is as follows:

"The court erred in dismissing the two causes of action of plaintiffs' complaint, insofar as relief in money damages was sought."

Before considering the chief issue herein, we believe that the trial court was correct in dismissing the second cause of action as not tenable in law. That cause of action stated, in effect, that the plaintiffs were entitled to a reward from the county taxpayers for notifying the board of county commissioners that the water tower was overflowing. Even if we assume that the board of county commissioners was not diligent, the Satzgers cite no law relating to the grant of a reward to a person for doing what any good citizen would do under the same circumstances. The trial court was correct in dismissing the second cause of action on the grounds stated.

We come now to the position of the county in the operation of the water tower. R. C. 6103.02 gives to the board of county commissioners the power to operate a public water supply or water works system for any sewer district. Nothing is shown as to the nature of the water works system herein. Hence, we conclude that it was lawfully and properly established.

In the case of *The Board of Commrs. of Hamilton County* v. *Mighels*, 7 Ohio St. 110, a recovery was denied for an injury sustained when Mighels fell on the stairs of the courthouse. The court there stated, in the syllabus:

"The board of commissioners of a county are not liable, in their *quasi* corporate capacity, either by statute or

at common law, to an action for damages for injury resulting to a private party by their negligence in the discharge of their official functions. The Commissioners of *Brown County* v. *Butt*, 2 Ohio 348, overruled.''

In the *Mighels* case, *supra*, at 119, the court said:

''With scarcely an exception, all the powers and functions of the county organization have a direct and exclusive reference to the general policy of the state, *and are, in fact, but a branch of the general administration of that policy.*'' (Emphasis supplied.)

The *Mighels* case has been extensively quoted with approval in *Schaffer* v. *Board*, 171 Ohio St. 228, where the court said, in its syllabus:

''In the absence of statutory authorization therefor, a county or its agencies are immune from suit for negligence.''

In the case of *Thacker* v. *Bd. of Trustees of Ohio State Univ.*, 35 Ohio St. 2d 49, at 53, 54, the court said, with reference to an action against an agency of the state:

''Appellants seek to debilitate *Krause* and *Wolf* as precedents for the holdings below, contending that the issue of whether a governmental or proprietary function was being performed was not before the court in either case.

''Such a position, however, overlooks one of the main points made in *Krause*. As set forth in the second paragraph of the syllabus in that case:

'' 'Section 16 of Article I of the Ohio Constitution, as amended September 3, 1912, abolished the defense of governmental immunity and empowered the General Assembly to decide in what courts and in what manner suits may be brought against the state.'

''From that language, it should be readily apparent that questions concerning the governmental or proprietary nature of state activity were rendered irrelevant by *Krause*. That case held that the state and its instrumentalities do not have a defense of governmental immunity—that sovereign immunity exists in Ohio, insofar as suits against the state are concerned, only because the constitutional requirement for legislative consent in the field has not yet

been satisfied. Since *Krause,* if not before, any inquiry directed to the nature of the function in which the state was engaged at the time of an alleged wrong has become meaningless."

A county has long been held to be a subdivision of the state, established to carry out the policy of the state, and organized for judicial and political purposes. *Jones* v. *Commrs. of Lucas County,* 57 Ohio St. 189, at 212; *State, ex rel. Price,* v. *Huwe,* 103 Ohio St. 546, at 554; *State, ex rel. Ranz,* v. *City of Youngstown,* 140 Ohio St. 477. It is the general rule that counties, and boards of county commissioners are immune from tort liability, unless such liability is based on a statute fixing such liability.

· *Western Pennsylvania Natl. Bank* v. *Ross,* 6 Ohio Misc. 50; *Dunn* v. *Agricultural Society,* 46 Ohio St. 93, at 96; *Board of County Commrs.* v. *Gates,* 83 Ohio St. 19, at 32.

It is the conclusion of this court that the judgment of the trial court was not prejudicial in any respect, and that the judgment must be affirmed.

*Judgment affirmed.*

Brenneman, P. J., and Victor, J., concur.

Brenneman and Victor, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.

Hunsicker, J., retired, assigned to active duty under authority of Section 6(c), Article IV, Constitution.