OPINION
Defendant-appellant, Bart E. Knight, pleaded guilty to one count of breaking and entering, a fifth-degree felony offense. The trial court sentenced appellant to three years of community control, 30 days in the Warren County Jail, and ordered the payment of $803 in restitution.
As his sole assignment of error, appellant claims the trial court's imposition of a 30-day jail sentence was contrary to law and not supported by the record.
Appellant was convicted of one count of breaking and entering contrary to R.C. 2911.13(A), a felony of the fifth degree. See R.C. 2911.13(C). Appellant correctly contends that because the trial court did not make any of the requisite statutory findings under R.C. 2929.13(B)[1] for the imposition of a prison term for a fifth-degree felony, the court was obligated to impose community control sanctions. He therefore argues that Ohio law precludes the imposition of any jail sentence as a possible community control sanction because a jail sentence must be construed as a "prison term." We disagree.
A "prison term" includes a stated term in a prison. See R.C. 2929.01(CC) and (GG). A prison is a residential facility under the control of the Department of Rehabilitation and Correction that is used for the confinement of convicted felony offenders. R.C. 2929.01(BB).
In the case at bar, the trial court did not sentence appellant to a prison term. When sentencing a defendant for a crime that does not require the imposition of a prison term, the court may impose one or more community control sanctions authorized under R.C. 2929.16, 2929.17, or2929.18. See R.C. 2929.15(A)(1). Authorized community control sanctions include a term of up to six months in jail. R.C. 2929.16(A)(2).
The trial court ordered appellant to serve 30 days in the Warren County Jail as part of his community control sanctions. Unlike a prison, which is operated by the state of Ohio, a "jail" is a residential facility operated by a political subdivision or combination of political subdivisions of the state. R.C. 2929.019(U). Warren County operates the Warren County Jail, and counties are clearly political subdivisions of the state of Ohio. State ex rel. Seidita v. Philomena (Aug. 24, 1990), Mahoning App. No. 89 C.A. 48. See, also, Schaffer v. Bd. of Trustees ofFranklin Cty. Veterans Memorial (1960), 171 Ohio St. 228; Satzger v.Clermont Cty. Bd. of Commrs. (1973), 40 Ohio App.2d 125. Thus, a jail sentence is not the equivalent of, or part of, a prison term.
We accordingly conclude that the trial court's sentence is supported by the record and is not contrary to law. Appellant's sole assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] R.C. 2929.13(B) sets forth the applicable determinations a trial court must make before it may impose a prison term when sentencing an offender for the commission of a fourth or fifth-degree felony offense.