ARMSTRONG, *Plaintiff in Error*, v. THE CITY OF BRUNSWICK.

Municipal Corporation: NUISANCE. Power conferred upon a municipal corporation to abate nuisances, is conferred for the public good, and not for any private corporate advantage, and for failure of its officers properly to exercise the power, the municipality is not liable.

*Error to Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*A. W. Mullins* for plaintiff in error.

*C. Hammond* for defendant in error.

NORTON, J.—This case is before us on writ of error prosecuted by plaintiff from the action of the circuit court

of Chariton county in sustaining a demurrer to his petition and entering judgment thereon. The petition alleges in substance that during the months of July and August, 1880, plaintiff was lawfully possessed of a certain hotel building, situated on lots 7 and 8, and south part of lots 1 and 2, block 37, in the city of Brunswick, and that he was engaged in keeping hotel; that during the time aforesaid, Patrick Smith and Hugh Smith owned and possessed lots 6, 7 and 8, in block 29, in said city, and that the said Smiths, with the actual knowledge of the city authorities, made divers hog pens on the lots owned by them, and put therein, on the 1st day of July, about 100 head of hogs, and kept them in said pens till the 18th day of August; that by reason of said hogs being so kept, noxious, offensive and unwholesome vapors and stenches came into the said hotel and premises of plaintiff, to his great damage and that of his family, guests and boarders; that the charter of defendant with respect to nuisances provided that "the city council shall have power within the city to make regulations to secure the general health of the inhabitants and to abate, prevent and remove nuisances;" that the city council had provided by ordinance that "whenever any person shall make complaint to the constable that a nuisance exists in any part of the city, or within one mile therefrom it shall be his duty to go immediately and examine the same, and if said nuisance be of a character to be easily and readily removed, and with but slight expense, it shall be the duty of the constable to immediately remove the same; but should it be of such a character as not to be easily removed, the constable shall immediately notify the owner or occupant of the premises on or adjacent to which said nuisance may be found, to immediately remove or abate said nuisance, and if said person shall fail for six hours after such notice to remove or abate the nuisance, it shall be the duty of the constable to remove the same, and charge the expense thereof against the person whose duty it was to remove or abate said nuisance, to be recovered by civil action." The

petition then avers that although defendant and its officers had full knowledge and notice of the erection and maintenance of said nuisance, erected and maintained by said Smiths, they negligently suffered it to remain and be continued without abatement; to the damage of plaintiff in the sum of $500.

The petition shows on its face that plaintiff's charter conferred upon its city council within the city limits the power to make regulations to secure the general health of the inhabitants, and to abate, prevent and remove nuisances; this power thus given was conferred upon the corporation for the public good, and not for private corporate advantage; this power, as shown by the petition, was exercised by the city council in the passage of an ordinance devolving upon the constable, when complaint of the existence of a nuisance was made to him by any person, the duty of removing or abating it. It will be perceived that it is not averred in the petition either that plaintiff or any other person made complaint to the constable that the nuisance complained of existed, and for lack of this averment the demurrer might well have been sustained. But if such complaint had in fact been made, and the constable had in fact neglected to perform the duty enjoined upon him by the ordinance, a demurrer to the petition would have to be sustained, under the ruling of this court in the case of *Murtaugh v. City of St. Louis*, 44 Mo. 479, where the following principle was announced, viz: "That when the officer or servant of a municipal corporation is in the exercise of a power conferred upon the corporation for its private benefit, and injury ensues from the negligence or misfeasance of such officer or servant, the corporation is liable as in the case of private corporations or parties; but when the acts or omissions complained of were done or omitted in the exercise of a corporate franchise conferred upon the corporation for the public good and not for private corporate advantage, then the corporation is not liable for the conse-

quences of such acts or omissions on the part of its officers and servants." See that case and authorities cited.

Judgment affirmed, in which all concur.