KILEY v. THE CITY OF KANSAS, *Appellant.*

1. **Municipal Corporation**: STREETS: UNSAFE WALL. It is the duty of a city to keep its streets in a reasonably safe condition for persons traveling thereon, and this obligation extends to an unsafe wall, standing by the side of the street, after notice of such fact.

2. ———: ———: ———. Where the person so injured by the falling wall was not using the street for any purpose, there can be no recovery from the city for the injury.

3. ———: NUISANCE. A city is not liable for injuries resulting to a person from its failure to abate a nuisance existing on private property, and not created by its agents, although it had the power to do so.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

REVERSED.

*Wash Adams* and *R. H. Field* for appellant.

(1) The decision of this court, when this cause was here before (69 Mo. 103), should be overruled. It is in direct conflict with the settled rule of this court and elsewhere, that a city is not liable for the failure of its officers to exercise powers which are conferred upon it or its officers for the good of the public, and not for its corporate gain or private advantage. *Armstrong v. City of Brunswick*, 79 Mo. 319; *Hewison v. New Haven*, 37 Conn. 475. The cases just cited not only sustain the principle stated, but they are nuisance cases. See the principle further sanctioned in every variety of municipal cases. *Swinford v. Franklin County*, 73 Mo. 279; *Heller v. Sedalia*, 54 Mo. 159; *Murtaugh v. St. Louis*, 44 Mo. 479; *Hill v. City of Boston*, 122 Mass. 344; *Clark v. Waltham*, 128 Mass. 567; *City of Nevasta v. Pearce*,

46 Tex. 526; *Freeholders of Sussex v. Strader*, 3 Harr. (N. J.) 108; *Detroit v. Blakely*, 21 Mich. 84; Dillon on Mun. Corp. (3 Ed.) secs. 965, 974, *et seq.* A municipal corporation is not liable for damages resulting from a failure on the part of its council to perform, or from an improper performance of, its legislative or judicial powers. Dillon on Mun. Corp. (3 Ed.) sec. 950. The power conferred in the charter of Kansas City, in the mode it is to be exercised, is essentially legislative. See charter; *Rivers v. City of Augusta*, 65 Ga. 376. (2) The deceased was not a traveler on the street, and no person except a traveler can recover for injuries received from defects in the street or adjacent thereto. *Monmouth v. Sullivan*, 8 Ill. App. 50; *Stickney v. City of .Salem*, 3 Allen, 374; *Blodgett v. City of Boston*, 8 Allen, 237; *Farrell v. Oldtown*, 69 Maine, 72; *Young v. District of Columbia*, 3 McArthur (D. C) 137; Thompson on Negl., 755, note 12; Shearm. & Redf. on Negl., sec. 389; *Goodin v. City of Des Moines*, 55 Iowa, 67; *Carpenter v. City of Cohoes*, 81 N. Y. 51; *Gillis v. Ry.*, 58 Pa. St. 129, 143, 144; *Wilson v. Town of Grundy*, 47 Conn. 59. (3) To hold the city liable, in this case, is saying that the legislature intended its officers to go upon private property, unlawfully, *vi et armis*, in order to save the city from a possible lawsuit, for the city could not have abated or removed the building complained of without first giving the person owning or maintaining it a hearing upon the question of its being a nuisance. *Pinden v. Love*, 67 Ga. 190; *Shephard v. People*, 40 Mich. 487; *River, etc., v. Behr*, 77 Mo. 91; *State v. Mott*, 61 Md. 297. (4) The petition does not state, nor does the evidence show, that the deceased, the daughter of respondent, was unmarried. R. S., sec. 2121. If her daughter was married, respondent cannot recover. *McNamara v. Slavens*, 76 Mo. 329; *Ry. v. Kelly*, 24 Ind. 133; *Stafford v. °Drew*, 3 Duer, 627; *State, etc., v. Matson*, 38 Mo. 489; *See v. Bobst*, 8 Mo. 506. (5) Respondent's instruction

was erroneous. *Rains v. Ry.*, 71 Mo. 165; Thompson on Negligence, 1256.

. . *C. O. Tichenor* for respondent.

(1) The city owed a duty to persons passing upon the sidewalk, and had that duty been performed, and the wall taken down, the child would not have been killed. The cause of the death of the child was this neglect. The cause of her death would have been the same whether the life had been crushed out of her upon the street, upon the sidewalk, or beside thereof, on private property. There can be no question but that the court declared the law correctly when this case was here before. In addition to cases cited in our former brief, we cite: *Alger v. City*, 3 Allen, 402; *Harris v. Inhabitants, etc.*, 128 Mass. 321; *Van Normer v. the Mayor, etc.*, 15 Wend. 262; *Baker v. Boston*, 12 Pick. 184; *Ry. v. Behr*, 7 Mo. App. 345; *City v. E. Ry.*, 98 Mass. 443; 2 Dill. Mun. Corp., p. 1030, note *a ;* p. 1031, sec. 1018. (2) It was not necessary to allege or prove that the four-teen-year-old child of plaintiff was single. I doubt not but that counsel will admit that all start life unmarried; that state will be presumed to exist until the contrary be shown. *Erskine v. Davis*, 25 Ill. 251. This rule obtains as to one's residence, or condition of mind; a relation one shows to exist is presumed until the contrary is shown. See cases cited in secs. 269, 275, 276, 279, 281, p. 495, Vol. 5, 1 S. U. S. Dig. (3) No objection was made below that the verdict was too large, hence the city ought not to raise this point here. The instruction given for respondent was according to the statute; it did not assume that there were any aggravating circumstances, and counsel say there was no evidence of it; if so, the instruction did the defendant no harm. *The K. C., St. L. & C. Ry. v. Farrell*, 76 Mo. 189. It is not claimed that there were any mitigating circumstances. The in-

struction is correct. *Nagel v. Mo. Pac. Ry.*, 75 Mo. 666. See, also, as to damages in such cases : *Railroad v. Barron*, 5 Wall. 105 ; *Houghkirk v. President, etc.*, 92 N. Y. 223 ; *Pa. Ry. v. Ogler*, 35 Pa. 72 ; *N. Pa. Ry. v. Kirk*, 90 Pa. 15 ; *Miss. C. Ry. v. Caruth*, 51 Miss. 77 ; *Walters v. C., R. I. & C. Ry.*, 41 Iowa, 71 ; *Ewen v. C. & N. Ry.*, 38 Wis. 613 ; *Grotenkemper v. Harris*, 25 Ohio St. 510.

BLACK, J.—The plaintiff sued the defendant because of the death of her daughter, a child of fourteen years of age, occasioned by the falling of the brick walls of a burned building, which stood upon private property, but on the line of the street.

The evidence shows that the northern portion of the walls had been left standing for two or three months after the fire, and were so unstable as to be dangerous to persons passing on the sidewalk, and to the occupants of a small house situated some ten feet to the north, which also stood on private property and on a line with the sidewalk. At the time of the accident, the little girl was visiting the occupants of this house ; the wind was quite a gale. The walls fell upon the house and into the street, crushing the house. The girl was found near to, or on the sidewalk, though the pleadings admit she was in the house when killed, probably having been attracted to the front part of the building by a passing funeral procession. The defendant had ample notice of the condition of the walls before the accident. If the defendant is liable at all, it is for a failure to put in force and execution its charter powers relating to either streets or the abatement of nuisances.

1. It is the duty of the defendant to keep its streets in a reasonably safe condition for persons traveling thereon. *Welsh v. City of St. Louis*, 73 Mo. 71 ; *Russell v. Columbia*, 74 Mo. 490. The authorities are quite uniform in the middle and western states that for a neg-

lect in this respect, the city is liable to the injured party. without any express statute creating such liability. It is true the duty in this respect, so far as travelers are concerned, is one of a public character, and generally municipal corporations are not answerable in actions of tort for the non-execution of powers of that character. But the liability for a failure to keep the streets in a reasonably safe condition, it is generally said, arises by implication from the nature of the subject, and the vast powers conferred upon such corporations, including the exclusive control of the streets. This obligation is not limited to defects existing in the streets ; dangerous ditches, and excavations by the side of the highways must be guarded, and after notice of such defects, the city will be liable for injuries to travelers using ordinary care, caused by the neglect to put up barriers. *Barrett v. City of St. Joseph*, 53 Mo. 290 ; *Halpin v. The City of Kansas*, 76 Mo. 335. The same principle applies to an unsafe wall standing by the side of the street. *Parker v. The City of Macon*, 39 Ga. 729.

But in whose favor does this liability exist ? Clearly to those making proper use of the street at the time of the injury. In the case last cited, the plaintiff was upon the street engaged in his business, when injured by the falling wall. In the *Bassett case* the duty of the city is carefully confined to those using the highway as such. Here the deceased was not using the street for any purpose, and hence there could be no duty owing to her from the defendant, because of the defendant's duty with respect to the streets. We think it must follow that there can be no recovery for any neglect in this respect.

2. As to persons not using the street, was the city bound to abate the nuisance, and is it liable for a failure so to do ? The defendant, by its charter, has power *by ordinance* to define what shall be a nuisance ; to prevent, abate and remove nuisances ; and to punish the authors

thereof. The ordinance read in evidence includes within its definition structures like the walls in question. It declares that all persons causing or keeping a nuisance shall be guilty of a misdemeanor, and punished by a fine, and if the nuisance exists at the time of the trial, the recorder shall direct the marshal to abate the same and report the costs which are adjudged to be paid by the defendant. It is, also, made the duty of the marshal and public officers to report all nuisances, and any person may also make the complaint and put the machinery of the law in operation. This is not a nuisance created by the city in the prosecution of some public work; nor a nuisance by it suffered to exist on corporate property, or on property over which it has exclusive control, so that the question for decision narrows itself to this, is the defendant liable for a failure on the part of the public officers to put the provisions of the ordinance in force?

Many, if not most, of the powers conferred upon municipal corporations are of a public character, for the non-execution of which the corporation is not liable in damages. *Murtaugh v. St. Louis*, 44 Mo. 479. Others are of a private character, for the non-performance of which the city is liable, the same as a private corporation engaged in a like enterprise. Again, cities are answerable to others for a wrong, which consists in a neglect to perform an absolute, as distinguished from a legislative, judicial or discretionary duty. Now, it cannot be said that a failure to prosecute the owner of the property upon which the walls stood, and to remove them, was a neglect to execute any of the powers conferred upon defendant for private purposes. Nor does the charter of any statute make it the absolute duty of the city to enforce these charter powers, or this ordinance passed pursuant thereto. Neither is there anything in the charter from which we can say such an obligation arises by implication. Cities are not bound

to see that all of their laws are enforced.    Dillon on Mun. Corp. (3 Ed.) sec. 950.  Such an obligation, as to the enforcement of laws, has never been assumed by our governments, national, state or municipal.    The ordinance in question does not partake of the nature of a contract, but it is a part of the laws passed for the good government of the inhabitants of the city.    The city is no more liable for its non-execution than would be the county, if the ordinance were a state statute, and its enforcement left to the county officers and inhabitants. Hence it has often been held that a municipal corporation is not liable in damages for a failure to abate a nuisance existing upon private property, and not created by its agents, though it has the power so to do.    *Davis v. The City of Montgomery*, 51 Ala. 139 ;  *Levy v. The City of New York*, 1 Sandf. (N. Y.) 465 ;   *Hewison v. The City of New Haven*, 37 Conn. 475 ;  *Armstrong v. City of Brunswick*, 79 Mo. 319.    There is no material difference between the case last cited and that branch of this case now under consideration.

When the case was here before on demurrer to the petition, it was ruled that it stated a cause of action (69 Mo. 102).    The petition then and now pleaded the ordinance only so far as to show that these walls were a nuisance within its definition, with an allegation "that it is defendant's duty to abate all nuisances within its limits of a character dangerous to the public."    The remainder of the ordinance was not before the court.    Full force was given to the general allegation of duty to abate nuisances.    The charter furnishes no evidence of such duty.

The difference between the case as it was treated and considered, on the petition, and as it now stands on the evidence, may account in part for the difference in the result.    But the rules of law, as then stated with respect to this class of nuisances, cannot be reconciled with the principles asserted in the *Armstrong case*, nor with the

·conclusion here reached, and the opinion then filed will be regarded as overruled.    The circuit court should have directed a verdict for the defendant on the pleadings and evidence.    We need not consider the instructions, therefore, in detail.

The judgment is reversed.    All concur.