### ERMINA L. HINES v. THE CITY OF CHARLOTTE.

*Municipal corporations—Neglect of officers—Liability—Fire limits.*

Municipal corporations, under their charters and ordinances, do not become insurers of the property within their corporate limits from destruction by reason of the neglect or refusal of their officers and agents to enforce their ordinances.[1]

So *held*, where the common council of a city established fire limits, and by ordinance prohibited the erection of wooden buildings therein, and was sued for damages sustained by reason of the burning of a wooden building erected within said limits with the full knowledge of the city authorities.

Error to Eaton. (Hooker, J.) Submitted on briefs June 15, 1888. Decided November 1, 1888.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Foote & Shaull,* for appellant, contended:

1. Municipal corporations partake of two characters, the one public and the other private. In the former they are regarded as agencies of the State, and entitled to the same immunities as the state itself. Legislative and judicial duties are of this class; citing *Rivers v. Augusta*, 65 Ga. 376; *Wheeler v. Cincinnati*, 19 Ohio St. 19; 2 Thomp. Neg. 734; and to this may be added matters of general and public concern; citing *Detroit v.*

---

[1] See *Amperse v. City of Kalamazoo*, 75 Mich. 228; *Amperse v. Winslow*, Id. 234.

*Blackeby*, 21 Mich. 84; *Navasota v. Pearce*, 46 Tex. 526; 2 Thomp. Neg. 738; but here the immunity ends; citing *Commissioners v. Detroit*, 28 Mich. 228; *Bailey v. New York*, 3 Hill, 531; *Small v. Danville*, 51 Me. 362; *Philadelphia v. Fox*, 64 Penn. St. 180.

2. A municipal corporation in its private capacity, when the duty imposed is other than governmental, will be subjected to an action for a wrongful act, the same as a natural person, and for the same reason; citing *Burford v. Grand Rapids*, 53 Mich. 102; *McCombs v. Akron*, 15 Ohio, 480.

3. A natural person is liable for his misfeasance, his malfeasance, and his non-feasance, whether committed by himself or his agents; citing Addison, Torts, 23–33.

4. It is therefore a logical sequence, flowing from the combination of these two propositions, that a municipal corporation is liable for absolute and purely ministerial acts of a local nature, to be performed by it through its agents, its only mode of action; citing *Rivers v. Augusta*, 65 Ga. 376; *Goodrich v. Chicago*, 20 Ill. 445; *Griffin v. Mayor*, 9 N. Y. 459; *Lery v. Mayor*, 1 Sandf. 465; *Goodloe v. Cincinnati*, 4 Ohio, 500; *Little v. Madison*, 42 Wis. 643; *Storrs v. Utica*, 17 N. Y. 104; *Delmonico v. New York*, 1 Sandf. 222; *Erie City v. Schwingle*, 22 Penn. St. 384; *White Lead Co. v. Rochester*, 3 Comstock, 467; *McCombs v. Akron*, 15 Ohio, 476; *New York v. Furze*, 3 Hill, 613; Willcock, Mun. Corp. 30; 2 Thomp. Neg. 731.

*Huggett & Smith*, for defendant, contended:

1. In this State it is clearly settled that in chartering municipal corporations no contract relations are created; hence all that class of cases holding cities responsible for injuries to private individuals upon the theory of contract relations are not applicable to this case; citing *Detroit v. Blackeby*, 21 Mich. 84.

2. It is equally well settled that a city cannot be held responsible for injurious consequences resulting from an exercise of its legislative authority; citing *Burford v. Grand Rapids*, 53 Mich. 100, and cases cited; *Lansing v. Toolan*, 37 Id. 152; *Ashley v. Pt. Huron*, 35 Id. 286.

3. The plaintiff seems to base her whole claim upon the theory that it is the corporate duty of a municipality through its officers to insure an absolute observance of all of its by-laws and ordinances, and that a liability arises whenever such officers in a passive way neglect or omit to secure such observance. This is certainly not the law; citing *College v. Cleveland*, 12 Ohio St. 375; *Wheeler v. Cincinnati*, 19 Id. 19; *Brinkmeyer v. Evansville*, 29 Ind. 187; *Weller v. Burlington*, 12 Atl. Rep. 215; *Hill v. Boston*, 122 Mass. 344, 357, and cases cited.

4. It is only where corporations have been guilty of some positive mischief, produced by active misconduct, that they have been held liable, and not for mere non-feasance, or for errors of judgment; citing *Pennoyer v. Saginaw City,* 8 Mich. 534; *Detroit v. Corey,* 9 Id. 165; *Dermont v. Detroit,* 4 Id. 435; *Detroit v. Blackeby,* 21 Id. 84; *Pontiac v. Carter,* 32 Id. 164; *Detroit v. Beckman,* 34 Id. 125; *Ashley v. Pt. Huron,* 35 Id. 296; *Burford v. Grand Rapids,* 53 Id. 102; *Lansing v. Toolan,* 37 Id. 152; *Defer v. Detroit,* 67 Id. 346.

Long, J. This is an action on the case, brought in the circuit court for the county of Eaton. The plaintiff claims in her declaration that the defendant, the city of Charlotte,—

" On March 29, 1871, was duly authorized and empowered by its charter,—said charter being an act of the Legislature of the State of Michigan, approved March 29, 1871,—among other things, by an action of the common council of said city, a majority of the members-elect concurring, to make all such by-laws and ordinances as it should deem necessary and proper to secure said city and the inhabitants thereof against injury by fire, and to prescribe fire limits within said city of Charlotte.

" And the said defendant, in pursuance of the power so granted by its charter as aforesaid, did on, to wit, September 3, 1873, by its common council, a majority of the members-elect concurring, at a regular meeting of said common council, duly make and pass an ordinance entitled ' An ordinance prescribing fire limits on blocks 23 and 24, in the city of Charlotte,' therein and thereby prohibiting the erection of any building without party or fire walls of brick or stone, and roof of metal or slate or composition, excepting only wooden buildings not more than eight feet square, and not to face upon any street, or less than thirty feet from the line thereof, within the limits in and by said ordinance prescribed; and placing adequate means in the hands of said city, and in the hands of its servants and officers, for the proper enforcement of the provisions thereof, and making it its absolute duty, through its servants and officers, to enforce the provisions thereof.

" Which said ordinance was duly amended on, to wit, May 6, 1881; and again, on, to wit, May 7, 1883, said ordinance was duly amended so as to include within its

provisions blocks 18, 23, 24, 31, and 32, in the said city, which said ordinance, so amended as last aforesaid, contained all the provisions above recited, and also made it the absolute duty of the fire-warden of said city, and each and every member of the common council thereof, *ex officio*, in case any person should erect or place, or cause to be erected or placed, any building or parts of a building, contrary to the provisions of said ordinance, to notify said parties forthwith to remove the same, and to enforce all the provisions of said ordinance.

"And said ordinance further provided that no person should erect any building or part of a building on said blocks 18, 23, 24, 31, and 32, in said city, until he should have filed with the recorder of said city complete plans and specifications of said building or part of a building so proposed to be placed or erected, and until he had obtained from said city recorder a certificate in writing that the common council of said city had approved of said plans and specifications.

"And before and at the time of the passing of said ordinance by the common council of the said city of Charlotte, on, to wit, September 3, 1873, aforesaid, and before and at the time of the amendments to said ordinance, as aforesaid, so as to include within its provisions and operation said blocks 18, 23, 24, 31, and 32, aforesaid, in said city, said plaintiff owned and occupied as a store, workshop, and dwelling-house a certain building, lawfully constructed and built on lot 13 on block 32 in said city, of great value, to wit, of the value of $1,600, at the time of the several grievances next mentioned on the part of the said defendant; and the said building so constructed by the said plaintiff on said lot 13 on said block 32 in said city at the time of the several grievances hereinafter next mentioned on the part of the said defendant, then and there being, did contain goods, chattels, tools, furniture, and personal property, then and there belonging to and being the property of the said plaintiff, of great value, to wit, of the value of $2,000.

"Yet the said defendant, well knowing the premises, and while said ordinance and each and every provision thereof was of full force and effect in and over lot 17 and said lot 13, both being situated on said block 32, as well as all of said blocks aforesaid in said city, on, to wit, April 28, 1884, did receive information, and had written notice, by and through its common council,

assembled and being called together in its official capacity, that one Frank Ruggles, of said city, wrongfully intended and proposed the violation of the provisions of said ordinance, in this, to wit: He proposed and suggested to said common council then and there that he intended and expected to violate said ordinance and the provisions therof by erecting a wooden building on lot 17 on said block 32 in said city, without filing the plans and specifications thereof with the recorder of said city, in and by the provisions of said ordinance provided as aforesaid, and by the wrongful and illegal construction of said wooden building, which said building, so wrongfully and illegally proposed to be constructed by said Ruggles, being more than 8 feet square, with wooden party or fire walls, and roof of wood, on said lot 17 on said block 32 in said city, and contiguous to the said building of the said plaintiff on lot 13 of said block 32 in said city, as aforesaid.

" Yet the said defendant did wrongfully and negligently allow and permit the said Frank Ruggles to construct said wooden building, to be used as a workshop, on lot 17 on block 32 in said city, as aforesaid, without filing plans and specifications thereof with the recorder of said city, and without party or fire walls of brick or stone, or roof of metal or slate or composition, and did wrongfully and negligently allow said wooden building, so constructed in violation of said ordinance, to stand and remain unmolested; and the said wooden building, wrongfully constructed and maintained by and with the permission and consent of the said defendant, on, to wit, the 17th day of October, 1885, and while said ordinance and each and every provision thereof was of full force and virtue, did catch fire, and by reason of the material used in its construction, and being constructed with walls and roof of wood, as aforesaid, said building, so wrongfully constructed and maintained by and with the knowledge and consent of the said defendant, did communicate fire and flames to the said building of the said plaintiff, on lot 13 of said block 32 in said city, whereby it, together with the said goods, tools, furniture, and personal property of the said plaintiff, then and there so situated and being therein as aforesaid, were utterly and wholly consumed and destroyed, to the damage of the plaintiff," etc.

A demurrer was interposed by the defendant, and the

court below entered judgment in favor of the defendant. Plaintiff brings the case into this Court by writ of error.

The only question arising upon the record is: Does the declaration state a cause of action upon which the plaintiff is entitled to recover? We think not, and that the circuit judge was correct in entering judgment for defendant. Unless there be a valid contract creating, or a statute declaring, the liability, a municipal corporation is not bound to provide for and secure a perfect execution of its by-laws, and it is not responsible in a civil action for the neglect of duty on the part of its officers in respect to their enforcement, though such neglect results in injuries to private persons, which would otherwise not have happened.

The grievance alleged in the declaration is that the defendant, having power under its charter to pass ordinances fixing fire limits, and to fix and determine the character of the buildings within such limits, and defendant having by ordinance fixed the same, and determined the character of the buildings to be thereafter erected within such limits, its failure to enforce such ordinances resulted in the destruction of plaintiff's premises by fire.

Legislative power, whether held by the law-making authority of the State or by municipal bodies, is, in its nature, governmental and discretionary, and as a general rule a right of action as for a tort will not arise from any exercise of discretion in respect to it, or from failure to exercise such discretion.

In the case of *Forsyth v. Atlanta*, 45 Ga. 152, the city was held not liable for licensing the construction of a wooden building within its fire limits, from the erection of which, as the plaintiff averred, his own building took fire and was burned.

Municipal officers are in no such sense municipal agents that their negligence is the neglect of the municipality.

It is true, if the act which is done by a municipal corporation would be tortious if done by a natural person, the corporation is held liable for it to the same extent, and for the same reason, that the natural person would have been. Here the complaint is that the defendant neglected and refused to act after having full knowledge that Ruggles proposed to erect a wooden building within the fire limits fixed by the ordinances of the city.

The rule is well established, however, not only in this State, but in most of the states, that simply as municipal corporations, apart from any contract theory, no public bodies can be made responsible for official neglect involving no active misfeasance. It is only where corporations have been guilty of some positive mischief produced by active misconduct that they have been held liable, and not from mere non-feasance, or for errors of judgment. Municipal corporations, under their charters and ordinances, do not become insurers of the property within their corporate limits from destruction by reason of the neglect or refusal of their officers and agents to enforce their ordinances.

Under the facts stated in the declaration, clearly the plaintiff cannot recover. *Village of St. Johns v. McFarlan*, 33 Mich. 72.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.