No. 13,458.

## THE CITY OF ANDERSON ET AL. *v.* EAST.

MUNICIPAL CORPORATION.—*Negligence.*—*Liability.*—A recovery can be had against a municipal corporation only where it negligently performs or fails to perform a ministerial duty imposed by law.

SAME.—*Dangerous Walls.*—*Injury to Citizen's Property.*—A municipal corporation is not liable to a citizen, whose building stands on a public alley, for damages sustained by him by reason of the walls of a building, standing on the opposite side of the alley, belonging to another citizen, and negligently permitted by him to become dangerous, falling upon his building and destroying it.

NEGLIGENCE.—*Dangerous Walls.*—*Liability of Owner.*—Where two citizens own buildings on opposite sides of a public alley in a city, and the owner of one, after it has been burned, negligently permits the ruined walls to become dangerous, he is liable to the adjacent owner for injury to his property caused by the walls falling upon it, although the city marshal volunteered to take charge of the ruins and have the walls torn down, if necessary.

From the Madison Circuit Court.

*E. B. Goodykoontz, F. P. Foster, C. L. Henry, H. C. Ryan* and *E. P. Schlater,* for appellants.

*W. R. Pierse* and *C. B. Gerard,* for appellee.

ELLIOTT, C. J.—The defendants severed in their defences in the trial court and here separately assign errors. Consequently there are two branches of the case, involving essentially different questions: one in which the rights of the city of Anderson are involved, and another which involves the rights of the appellant Doxey. It is proper, as well as convenient, to first consider and dispose of that branch of the case in which the rights of the municipal corporation are involved.

The judgment against the city of Anderson rests entirely upon the second paragraph of the complaint, and, if that is bad, the judgment is entirely destitute of foundation. Our

first step, therefore, is to ascertain and determine whether the second paragraph of the appellee's complaint states a cause of action against the city of Anderson.

That paragraph of the complaint contains these material facts:

On the 13th day of November, 1884, the plaintiff was the owner of a building in the city of Anderson. Sixteen feet distant from the plaintiff's building was a large brick structure with walls thirty feet in height. The building was owned by the appellant Charles T. Doxey. On the night of November 13th, 1884, Doxey's building was burned, but the brick walls remained standing. Doxey's building stood on the line of a public alley, sixteen feet in width. The cornice of the Doxey building projected over this alley. The cornice and wall of the burnt building fell upon the plaintiff's building and destroyed it. The city knew that the wall was dangerous and likely to fall, and was notified of that fact, as was Doxey. Notwithstanding the notice and knowledge, the defendants negligently permitted the wall, weakened and made dangerous by the fire, to remain unsupported for nine days, when it fell, crushing the plaintiff's building.

Our judgment is that no cause of action is stated against the city. A municipal corporation is an instrumentality of government and is not liable for a failure to exercise legislative or judicial powers, nor for an improper or negligent exercise of such powers. *Wheeler* v. *City of Plymouth,* 116 Ind. 158; *Dooley* v. *Town of Sullivan,* 112 Ind. 451 (2 Am. St. Rep. 209); *City of Terre Haute* v. *Hudnut,* 112 Ind. 542; *Faulkner* v. *City of Aurora,* 85 Ind. 130; *City of Lafayette* v. *Timberlake,* 88 Ind. 330; *McDade* v. *Chester City,* 117 Pa. St. 414 (2 Am. St. Rep. 681); *McArthur* v. *City of Saginaw,* 58 Mich. 357 (55 Am. Rep. 687); *Agnew* v. *City of Corunna,* 55 Mich. 428 (54 Am. Rep. 383); *Hines* v. *City of Charlotte,* 40 N. W. Rep. 333; *Kiley* v. *City of Kansas,* 87 Mo. 103 (56 Am. Rep. 443); *Hubbell* v. *City of*

*Viroqua*, 67 Wis. 343 (58 Am. Rep. 866) ; *Robinson* v. *Greenville*, 42 Ohio St. 625 (51 Am. Rep. 857, and note).

The authorities we have collected, to which many more might easily be added, illustrate all phases and postures of the general subject; but in one thing all unite, and that is in affirming that no recovery can in any event be had where the negligence of the municipal corporation consists in failing to perform a legislative, judicial, or discretionary duty, or in simply performing such a duty in an improper method. The decision in *Kiley* v. *City of Kansas, supra,* is directly in point, and applies the rule we have stated to a case in principle precisely like the one before us.

A recovery can be had against a municipal corporation only where it negligently performs or negligently fails to perform a duty in its nature ministerial, and then only in cases where the ministerial duty is imposed by law. There must, in every case, be a duty, since where there is no duty there can be no negligence. It is, indeed, impossible to conceive a case where negligence can exist independent of a duty. It was, therefore, incumbent upon the appellee to show a ministerial duty and its wrongful breach. This he has not done. A municipal corporation owes a duty to those who use its streets to exercise ordinary care to make them safe for passage. It is not without hesitation that some of the courts have assented to this rule, and there once was reason for doubt, for, as a municipal corporation is an instrumentality of government, it is difficult to perceive upon what principle it can be sued, while the sovereignty of which it forms a part enjoys complete immunity. But the question is now closed. Municipal corporations are liable for a negligent breach of a ministerial duty. They are, however, liable only to one to whom they owe that duty, and to him only when the duty concerns some thing over which that duty extends. In many of the cases we have cited it is held that municipal corporations owe a duty only to persons using their streets, and to them only owe a duty to keep the streets

safe for ordinary travel.  In order to create a liability the breach of duty must be such, many of the cases say, as to make the streets insufficient, or unsafe, for ordinary travel. We can conceive of no principle and we know of no authority upon which it can be held that a municipal corporation is under a duty to protect the property of a citizen from injury from the walls of an adjacent building belonging to a citizen which the owner's negligence has permitted to become dangerous.  Municipal corporations are not charged with the duty of protecting private property.  There is, certainly, nothing in the statute which imposes such a duty upon them, and if not in the statute, it does not exist.

The entire current of authority concentrates upon the proposition, that unless the law expressly, or by clear implication, imposes a duty upon a municipal corporation, none can be imposed by construction.  Wharton says : "A duty, however, not imposed specifically on a corporation, can not be constructively attached so as to make its neglect the subject of a suit."  Whart. Law of Neg., section 257.

Three cases are cited by the appellee.  The first, that of *City of Anderson* v. *O'Conner*, 98 Ind. 168, is not even remotely relevant.  This is apparent, without more being said, when it is affirmed that the complaint in that case was to recover damages for a breach of contract.

The second case cited, *Grove* v. *City of Fort Wayne*, 45 Ind. 429, while it carries the principle on which it proceeds to the utmost verge, decides only that a person travelling on a public street may recover for an injury caused by the falling of an overhanging cornice.  Conceding that the decision in that case is correct, it by no means justifies the conclusion that a municipal corporation is liable for the destruction of property by the fall of an adjoining building.  The decision, as the opinion shows, is based solely on the proposition that municipal corporations " are bound to keep the streets, in-

cluding the sidewalks, in a reasonably safe condition for ordinary travel."

The third case cited, *Lowery* v. *City of Delphi*, 55 Ind. 250, in so far as it has the remotest resemblance to this case, simply announces and enforces the same general proposition. If the plaintiff were here seeking to recover for injuries received while using a street, these decisions would be relevant; but as he seeks to recover for the destruction of a building standing on his own ground, they are totally irrelevant.

We proceed now to the branch of the case involving the rights of the appellant Doxey. His counsel assert that the first paragraph of the complaint is bad, because it does not charge him with negligence. We can not concur with them. The facts stated very clearly show that he was guilty of culpable negligence, and that his negligence was the proximate cause of the appellee's injury. It is charged, much as in the second, that the wall was unsafe and dangerous, that Doxey knew this, and that it constituted a public nuisance. In addition to these allegations, it is also averred that the wall was unsafe and dangerous from the 14th until the 22d of November, 1884, and that the defendant Doxey refused to make it safe or to permit the plaintiff to do so.

To the second paragraph, it is objected by Doxey's counsel that the general averments of negligence are insufficient. This position rests on an undue assumption, for there are specific averments. But if there were not, the objection is not well taken, for it is settled that general averments of negligence are sufficient as against a demurrer. *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196.

The second instruction asked by Doxey was properly refused, for the reason that there was no evidence to which it was applicable. Mr. Doxey testified that "Mr. Coburn, the marshal of the city, came to me the next morning after the fire and said they would take charge of, or appoint policemen to look after, the walls, and have them torn down if necessary. He says, ' You need not bother anything about them ;

The City of Anderson *et al. v.* East.

you have lost enough.' I think those were the exact words."

This evidence, and it is the strongest adduced. by Doxey, did not warrant an instruction that " Doxey is not liable if the marshal of the city of Anderson and his deputies took charge and control of the premises, preventing any person from going near the ruins until after the walls fell." Waiving all question as to the authority of the marshal to exclude the owner of the building, and waiving, also, all question as to the fault of the instruction in not asserting that control was actually taken without the owner's consent, it was properly refused, because the owner could not shift his responsibility on to the municipal corporation. If there had been any testimony showing that the owner was compulsorily excluded by legal authority, a very different question would have been presented; but all that here appears is, that the marshal informed Mr. Doxey that he would take charge of the walls, and that Mr. Doxey consented that he might do so. The most that can be said of the testimony of Mr. Doxey is, that it proves that he turned the matter over to the control of the marshal, for there was no legal process employed to secure control. At all events, it is quite clear that Doxey did not escape responsibility by acceding to the request of the marshal, for third persons injured by his negligence can not be denied compensation because he delegated or conceded his duties and rights to a city officer.

The judgment against the city of Anderson is reversed, and that against the appellant Doxey is affirmed.

Filed Jan. 25, 1889.