THE STATE vs. DENNISON W. CLARKE.

First Judicial District, Hartford, May Term, 1897.   ANDREWS, C. J.,
         TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A penal ordinance of a city forbade the erection or maintenance of any
    awning, "except the same be upon a suitable frame and attached
    entirely to the building and which awning shall not when extended be
    less than six feet from the sidewalk." *Held* that this language, and
    especially the term "suitable," was too vague and indefinite for a penal
    enactment, and that the ordinance was void for uncertainty.
Whether a city can by ordinance declare that to be a nuisance which in
    fact is not a nuisance, *quære*.

[Argued May 5th—decided July 13th, 1897.]

PROSECUTION for the violation of a city ordinance relating
to awnings, brought to the City Court of Middletown and
thence by the defendant's appeal to the Superior Court in
Middlesex County, and tried to the jury before *Thayer, J.*;
verdict and judgment of guilty, and appeal by the defendant
for alleged errors in the rulings and charge of the court.
*Error, and judgment reversed.*

The case is sufficiently stated in the opinion.

*Frank D. Haines*, for the appellant (defendant).

*John M. Murdoch*, State's Attorney, and *M. Eugene Culver*,
for the appellee (the State).

TORRANCE, J.   The defendant was prosecuted in the City
Court of Middletown for the violation of an ordinance of
that city, and was convicted.   He appealed to the Superior
Court and there, upon a trial to the jury, was convicted, and
judgment was rendered against him, from which judgment
the present appeal is taken.

The complaint charges that the defendant, on the 11th day of
March, 1897, within the limits of the city, "did, and for a long
time previous thereto, had unlawfully erected and maintained
an awning over the sidewalk in front of the premises . . .

occupied by him, which awning is not upon a suitable frame and attached entirely to the building so occupied by him, as aforesaid, . . . against the peace and contrary to the form of the provisions of the ordinance of said city in such case made and provided."

That part of the ordinance upon which this complaint is based, reads as follows: "The following acts are declared to be acts of nuisance of the third class: . . . The erection or maintaining any awning, except the same be upon a suitable frame and attached entirely to the building, which awning shall not when extended be less than six feet from the sidewalk."

The facts in the case—and they were really undisputed on the trial—are these: On the date alleged in the complaint and for a long time prior thereto, the defendant maintained an awning over the sidewalk in front of his store, "which awning rolled up and down upon a wooden frame which was attached to the building and extended across the sidewalk to wooden posts set near the curbstone, which posts furnished the support for the outer side of the frame." The awning was not permanently attached to this frame, but "was at one end attached to a 2×4 scantling which was nailed to the building, and at the other end was attached to a wooden roller which rolled out upon the frame above described, when the awning was extended, and which was drawn up to the building by means of ropes, thus rolling up the awning upon it, when the awning was not needed as a shade. . . . No part of the frame, unless the posts aforesaid be considered a part of it, was within six feet of the sidewalk." These posts, "in addition to supporting the frame, were used as hitching posts for horses," and the frame and posts "had existed in the same condition for many years. No evidence was offered by the State to show that the said awning or frame had ever, in any way, interfered with the health, safety, comfort or convenience of the public at large, or that the awning or said frame was on the day in question a nuisance in fact or had ever been so." Upon this state of facts the defendant requested the court, among other things, to instruct the jury in

substance as follows: (1) That the ordinance in question was invalid and void for uncertainty and ambiguity; (2) that it was invalid and void for uncertainty, "because the word 'suitable' has no definite and determined meaning in the connection in which it is placed, and the defendant could not know that he had done any act which was prohibited by the ordinance;" (3) that the charter gave the city no power to pass this ordinance, and that the ordinance itself was un-, reasonable, unjust, and oppressive; (4) that the ordinance is invalid "because it attempts to declare that to be a nuisance which is not a nuisance." The court refused to comply with any of these requests. We are of opinion that the court erred in not instructing the jury as requested, that the ordinance was void for uncertainty. If it be assumed, as claimed by the State, that the city, under its charter, is empowered to pass an ordinance regulating the erection and use of awnings, it may still perhaps admit of doubt whether it could by an ordinance declare that to be a nuisance which was not in fact a nuisance; but for the purposes of the argument merely, it will be assumed that the city had power to pass the ordinance now in question, in its present form.

In Webster's International Dictionary the word "awning" is defined as follows: "A rooflike cover, usually of canvas, extended over or before any place as a shelter from the sun, rain or wind"; and in the Century Dictionary as "a movable rooflike covering of canvas, or other cloth, spread over any place, or in front of a window, door, etc., as a protection from the sun's rays." As thus defined, "awning" means the covering which shelters or protects, as distinct from its frame or support; and this covering may extend over, or hang in front of, the protected place. It is in the sense of the covering, as distinct from its frame, that the word "awning" is used in this ordinance; for it speaks of the one as distinct from the other. The ordinance does not prohibit all awnings, but only those which do not conform to its requirements. It permits awnings under certain conditions, and, in effect, it punishes as a crime the erection or use of awnings which fail in any way to comply with those con-

ditions. This being so, the conditions ought to be stated with such reasonable certainty that the man of ordinary intelligence may, with reasonable effort, understand them and be able to guide his conduct by them. They should be stated so clearly and unambiguously that the average man may, with due care, know whether in erecting and using his awning he has or has not committed an act which subjects him to fine and imprisonment in a criminal prosecution.

An ordinance of this kind, which limits to a certain extent the use of property, and visits the offender against its provisions with such consequences, ought to be strictly construed; and when thus construed and tested by the rule above stated, we think this ordinance should be held to be invalid. The ordinance in effect prohibits the use and erection of any awning, "except the same be upon a suitable frame and attached entirely to the building, and which awning shall not when extended be less than six feet from the sidewalk." Here are three conditions to be complied with, namely: (1) The awning must " be upon a suitable frame;" (2) taking the ordinance just as it reads, the "awning" is to be "attached entirely to the building;" (3) the awning "shall not, when extended, be less than six feet from the sidewalk."

Taking these conditions in reverse order, what does the third mean? Does it mean that the awning, or the frame, or both, must be at least six feet *above* the sidewalk, or six feet *laterally* from the sidewalk, or both? What is the precise meaning of the second condition? What is it that is to be " attached entirely to the building," the awning, or the frame, or both? What is meant by the phrase " entirely attached? " Does it mean that every part of the awning, or the frame, or both, is to be attached to the building?

To the person who desires to exercise his property rights and have the benefit of an awning, and yet to obey the ordinance, these questions must be quite perplexing; and the ordinance does not clearly and certainly answer them, so as to be a guide to the average man using due care in the premises.

If, however, it can be fairly said with reference to the first

two conditions that these doubts and uncertainties are the ordinary ones that arise as to the construction of every law, that they may be obviated by a reasonable construction of it, and that they are not of such a nature as to warrant this court in holding the ordinance to be void on account of them, it is not true as to the first condition. That requires the awning to be " upon a suitable frame," and the ordinance furnishes no criterion by which the question of suitability can possibly be determined. It does not define the word " suitable," as here used, and the law does not define it; indeed when it is thus used it is incapable of any general or legal definition. *Batters* v. *Dunning*, 49 Conn. 479; *Smith's Appeal*, 65 id. 135. Its use, of necessity, implies the judgment of some tribunal or person who is to determine the question of suitability, and yet neither the charter nor the ordinances of the city empower any person or tribunal to exercise such judgment. This term " suitable," as here used, seems altogether too vague and indefinite to serve as the basis of an ordinance so highly penal in its consequences as this one is. On the whole we are of opinion that the ordinance in question is void for uncertainty, and that the court below erred in not instructing the jury to that effect.

There is error in the judgment complained of and it is reversed.

In this opinion the other judges concurred.