GUILLOTTE
v.
NEW ORLEANS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Mrs. Lucy Ann Howe v. City of New Orleans et al.

12  481
48  368
48  1437
12  481
50  417
12  481
52  435

A judgment rendered against two or more parties for damages, arising from the fault or negligence of the defendants, cannot be for different amounts; for they are bound *in solido* for the injury under the Act of 1844, (p. 14,) and the amount of damages for which one party is bound is the measure of damages for the other also. The payment of the damages by the one is the discharge of the other from the same obligation. C. C. 2130.

Nuisances may exist in the city without rendering the same liable for the consequences.

The city is no general warrantor against the acts of individuals.

The city at large cannot be held responsible for acts of third persons, which, under a more sagacious and efficient police, might possibly have been prevented.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.—Tried by a jury. *Waples & Eustis*, for plaintiff. *J. Livingston*, for defendants and appellants.

MERRICK, C. J. This suit is brought by the plaintiff against the city of New Orleans, *Charles Mason* and *Mrs. Grailhe*, to recover of them *in solido* the sum of $15,000 damages occasioned the minor son of the plaintiff, by the falling of a wall upon the minor, who was walking along St. Charles street, in this city.

The case was tried by a jury, who found a verdict against *Mrs. Grailhe* of $2500, and against the city of New Orleans for $7500, and in favor of *Mason*. It is difficult to sustain this verdict as it stands, for if the falling of the wall of the burnt building is attributable to the fault or negligence of both defendants, then they are bound *in solido* for the injury under the Act of 1844, (p. 14,) and the amount of damages for which one party is bound, is the measure of damages for the other also. The payment of the damages by the one is the discharge of the other from the same obligation. C. C. 2130. If, therefore, the measure of damages for the injury occasioned by *Mrs. Grailhe*, the owner of the property is $2500, the city is not bound for a sum beyond that amount. Assuming the more lenient verdict against *Mrs. Grailhe* to be just, the verdict against the city is manifestly erroneous. We will consider whether it can be maintained for any amount upon the evidence in the record.

The testimony shows that the City Surveyor, who had the power to cause the wall after the fire to be taken down, was aware of the fire; that he observed the condition of the wall from the street repeatedly, and was of the opinion that the public were in no danger from its falling, but he never entered upon the premises in order particularly to ascertain its condition.

61

The liability of the city is argued by the learned counsel for plaintiff, from these propositions, viz:

1st. The walls of the building after the fire were a nuisance, and as deductions therefrom—

2d. That it was the duty of the city to remove the nuisance.

3d. That the city ought to have fenced off the sidewalk.

4th. That it is no excuse for the city that its officials thought the wall would not fall.

The first proposition, we think, may be admitted without giving rise to the deductions drawn therefrom by the counsel.

Nuisances may exist in the city without rendering the same liable for the consequences. The city is no general warrantor against the acts of individuals. Its police may be applied to for the purpose of preventing injuries, but if such police err in their judgment, or if injuries are occasioned because they are inefficient in the exercise of the powers with which they are invested, the city at large cannot be held responsible for acts of third persons which, under a more sagacious and efficient police, might possibly have been prevented.

The case at bar has no analogy to the case of injuries done to individuals by the negligent manner in which work to public streets is done, or the want of repair in the same, for the possession of the servitude of the streets is in the city, and on the same principle that a private person is responsible for an injury done by a falling structure upon his property, it is possible that the city in such case may be held liable.

But in the case at bar there is no statute nor principle of law of which we are aware upon which a recovery can be maintained against the city for the error of judgment of the City Surveyor.

In regard to the defendant, *Mrs. Grailhe,* we do not think we can disturb the verdict of the jury.

By Article 2302 of the Civil Code it is provided that "the owner of a building is answerable for the damage occasioned by its ruin, when this is caused *by neglect to repair it,* or when it is the result of a vice in its original construction."

The jury evidently did not consider the opinion of the workman who examined the wall in May and fastened the doors, a sufficient excuse for the accident which happened on the 1st day of July, after the wind and rain which had weakened the support of the remaining portions of the building, besides increasing the weight which rested upon them. See 5 Marcadé, p. 273, Art. 1386, No. 2; 11 Toul. 317.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court as to the said *Mrs. Celeste Destrehan,* wife of *Alexander Grailhe,* and husband, and said *Charles Mason,* be affirmed; and it is further ordered, adjudged and decreed by the court, that the judgment against the city of New Orleans be avoided and reversed, and that there be judgment in favor of the said city of New Orleans and against the demand of the plaintiff against said city, and that said city recover its cost in the lower court; the said *Grailhe* and wife paying one half and the plaintiff and appellee the other half of the costs of appeal.