### FOLSOM v. LEWIS.

1. To an action for damages from falling into a cellar opening near the sidewalk, from planks laid across the same, it is no defence, under the circumstances, to the occupant of the premises charged with negligently leaving the opening exposed, that he let the opening above the cellar to another person for the purpose of establishing a stand to sell various articles, and that the negligence was chargeable to that other; although he also might be liable.
2. An alleged variance, in that the allegation was that the defendant placed in his show-window certain viands and other things tending to tempt a passer-by to look into the window, whereas the proof showed that the window did not contain such things as were alleged, but oyster-boxes, etc., is not material to the merits.
3. The law was correctly charged; and the charges requested and refused contain errors.

April 14, 1890.

Torts. Negligence. Landlord and tenant. Pleadings. Evidence. Charge of court. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1889.

The testimony for the plaintiff tended to show, in brief, that early in the night of November 18, 1887, after taking a drink, but being perfectly sober, he went to defendant's restaurant on Marietta street in Atlanta, ate his supper, came out upon the sidewalk and started to walk down the street, when he saw something in a show-window of the restaurant which attracted his attention This window was immediately above a flight of steps leading down from the edge of the sidewalk into a cellar of the building in which the restaurant was

situated.   The cellar was leased by defendant and used by him in connection with his restaurant.   There had been put over the opening made by this stairway a platform of planks, but it did not cover the whole space between the sidewalk and that portion of the building.   Plaintiff fell into the opening which was thus left. He did not know what it was that attracted his attention in the window, and stepped up to see what it was; thinks his eyes were somewhat dazed by coming out of the bright light of the restaurant, and he just walked right down into the hole.   The light in the window was burning in such a way as to throw a shadow upon the sidewalk from the sill of the window on the place where the hole was, and it was not otherwise lighted so as to make the hole visible.   Plaintiff was pulled out of the hole by some gentlemen, one of whom was Folsom, was helped into the restaurant, and heard Folsom's foreman tell Folsom that he had warned him about that hole before.   Plaintiff did not suffer much that night until he went to go up to his room, when he had to be helped upstairs.   He had to be treated by a physician for several days, have his foot bandaged so as to hold up its weight, etc., until he went to his home in Newnan, where he was only confined to his bed a few days, but he could not go about the house without great difficulty, and used crutches for three or four months until he became so sore under his arms that he could not use them, and then hobbled about as best he could.   For eight months after he was hurt his rest was disturbed at night because of the injury.   He suffers with his knee, and sometimes with a sensation as if something had been torn loose in his groin.   His knee still pained him up to the time of the trial; he did not have good use of that limb, and could not bend it as he could the other, or stoop down as he formerly did.   He thinks the muscles that join the socket-joint of his knee were pulled

loose in this fall, and does not think they have healed up. He was sixty years old at the time he was hurt; and there was evidence tending to show that probably he would never recover entirely. When he was hurt he was engaged in a work for the cotton season, which paid him $50 per month. He was also farming; did not do much work on the farm himself, but just generally superintended; had not been brought up as a farmer; had been in the mercantile business all his life; had earned large salaries, and thinks that, at his age, his services are worth to any one $100 per month, and that he could have earned that very readily; since the injury he has been unable to do anything, and at the time of the trial could not do anything like manual labor, as he had been accustomed to do, to a certain extent, about the farm, etc. Several years before, he had another fall; he had taken several drinks at that time, but had recovered from the effects of that fall when he was hurt this last time. He was a man of sober habits. The little platform which he walked on had an iron railing on the side between it and the entrance to defendant's restaurant, and there was also an iron railing on the other side of that entrance. Plaintiff was not familiar with the location of this platform. What attracted his attention in this window looked like little trays very neatly arranged; he did not see any fruits, there were no "tempting viands," and he did not go up towards them with a view of getting something to eat. For the last ten years he has had no regular employment, has had his farm which he rented out, and would look at it once in a while and see how the tenants were getting along. When he was examined by physicians on the day before he testified, which examination he voluntarily submitted to, he was hurt by the physicians bending his leg, and did not complain of them when they did not hurt him; and it is not true that,

when they talked to him and got him interested, they could bend his leg back without his complaining. He has lost weight since he was hurt; cannot get about his farm like he used to. Folsom had rented the restaurant room and cellar from the owner of the building, and had been in possession and use of them about a year before this injury occurred, and the platform over the cellar stairs was put there after he rented them. The stairway runs partly into the cellar below, and near the foot of the stairway there was a door which led to the cellar. The sidewalk does not extend up to the building, and the space between the sidewalk and the building is private, belonging to the proprietors of the property. A person going along the sidewalk would not be in danger of falling into the cellar stairs. The tables printed in 70 *Ga. Reports* were introduced.

The evidence for the defendant tended to show that, about two months before plaintiff was hurt, defendant had rented the space between the top of the stairway and the building to a vender of notions, one Baer, who had, at his own expense, erected the platform in question, so that during the daytime he could stand on it and sell his wares, and at night he was accustomed to store them in the restaurant. The planks of this platform extended as far back as the brick wall of the building, leaving a very small hole into which plaintiff fell, caused by a recess in which the window and cellar door were set. On the night in question there were in the window only some paper boxes, used for carrying oysters in, though the window was used from time to time for displaying crockery, meats, etc. The platform and the hole were lighted by the restaurant-lights and by electric street-lights. If plaintiff had kept to the sidewalk he would not have been injured. Defendant sometimes kept empty barrels and the like in the cellar, and in taking things out of the cellar did not use this stairway.

Since the accident, the platform has been extended so as to cover the whole opening. Some years before the injury in question, plaintiff had, while under the influence of liquor, received a severe fall down a stairway which opened into another restaurant, and had never recovered from the effect of that fall. He was under the influence of liquor also at the time of the injury in question. It is not true that Folsom's servant on that night told him that he had warned him before about that opening; indeed Folsom was not there at the time plaintiff was hurt. There was evidence tending to show that the injuries received by plaintiff from this fall were not serious, and that when he was examined by physicians on the day before the trial, when his attention was diverted, complete movements of his leg could be made without his complaining, and unless his attention was diverted he complained invariably of the flexion movement; outside of what plaintiff said, the examination disclosed no diseased condition of the limb, etc. Just after plaintiff fell he did not speak of any one else being to blame, but remarked that he need not have gone up to the window, and seemed to have blamed himself a little by having been attracted by something that was in the window; he had discovered that it was simply some paper oyster-baskets in the window. Defendant had nothing to do with the cellar-steps after he rented the space over the stairs to Baer, who had entire control of the space back to the window. Defendant testified that he did not remember ever being apprised of the hole before plaintiff was hurt.

The jury found for the plaintiff $1,000. The defendant moved for a new trial on the following grounds:

Verdict contrary to law and evidence.

Refusal to charge: (*a*) If the jury believe from the evidence that the plaintiff, on the night he was hurt, safely and without injury entered defendant's restaurant,

ate his supper, and safely and without injury returned back to the sidewalk, defendant would not be liable for any injury sustained by plaintiff after that, if you believe from the evidence that the injury so sustained was received by plaintiff on his return to defendant's premises at another point and for the mere purpose of examining some articles · in defendant's window. (b) Any duty which defendant may have owed to the plaintiff, as his customer at his restaurant, ended when plaintiff finished his supper and returned to the side walk of the street. (c) In this suit, complainant, if at all, is entitled to recover against defendant only for such injury as the evidence shows you he has sustained from defendant's failure to perform his duty to plaintiff, as his customer at defendant's restaurant; and if the evidence shows you that the only injury plaintiff sustained, was received by plaintiff after he left the restaurant and had gotten on the sidewalk, then plaintiff would not be entitled to recover at all in this case, and you should find for defendant. (d) If the jury believe from the evidence that defendant, before the 18th of November, 1887, had rented the place over the cellar steps, where plaintiff was hurt, to Baer, and that the latter, as tenant of that space, covered part of the same with planks, leaving in the rear, next to the window, an open space into which plaintiff fell and got hurt, and that defendant, Folsom, had nothing to do with and took no part in covering the said space with planks, and neither himself left said open space behind next to the window nor caused the tenant, Baer, to have said space open, then defendant would not be liable to plaintiff for any injury he may have received by falling into said hole. (e) If the jury believe from the evidence that plaintiff, on the night he was hurt and before he was hurt, had gone into defendant's resturant, taken his supper and returned to the

sidewalk in safety, and after so returning purposely walked off the sidewalk on, to and over the planks put over said cellar steps, and into said hole, and in so doing got hurt thereby, defendant would not be liable to him for the injuries he thereby sustained. (*f*) If the jury believe from the evidence that defendant by his own fault caused or permitted the hole plaintiff fell into to be there, and that said hole was adjoining the sidewalk, that is, so near to it that a person walking along said sidewalk might, by making a false step or being affected by giddiness or the like, fall into said hole, and if you further believe from the evidence that plaintiff was walking on said sidewalk, and whilst so walking, and in the exercise of ordinary care, fell into said hole, then defendant would be liable to plaintiff for the injuries he received. On the other hand, if you believe from the evidence that said hole was not adjoining said sidewalk and was not near enough to it for a person, by making a false step, stumbling or becoming giddy, to fall into it, and that plaintiff did not fall into said hole by stumbling, by making a false step, nor by becoming giddy, or by any such ways, but that he purposely left the sidewalk through curiosity, walked away from the sidewalk, and in so doing fell into the hole and got hurt, then defendant would not be liable to plaintiff for the injuries he received. (*g*) If the jury believe from the evidence that the plaintiff could, by ordinary care, have avoided stepping into the hole and getting hurt, they should find for the defendant.

Error in charging: "If you believe from the evidence, gentlemen, that at the time specified in the declaration, defendant had rented and was occupying the premises therein described, fronting on Marietta street in this city, that at that date there was a dangerous opening in the platform extending from the edge of said street towards said premises, and over a stairway

leading down into the basement of the same, that the defendant knew' or by ordinary diligence could have known of this opening, and negligently permitted it to be there, that there was a window over said platform, which window was in front of a restaurant kept by said defendant on said premises, that the defendant had at that time displayed in said window such articles as would attract the attention of persons passing along said street, and induce them to approach and inspect the same, and that the plaintiff, seeing these articles and wishing to examine them, walked with due care upon the said platform for the purpose, and fell into the opening and received an injury, you should find that the plaintiff had a cause of action against defendant. That, gentlemen, is the first hypothesis; I now read you the second. Before doing that, I ought to read you a qualification I designed to have presented in connection with the first hypothesis, namely: This would be true though the platform was not constructed by the defendant, but by some other person to whom he had rented the privilege of keeping a stand in front of said window, if said platform was left at times so as to be an approach to said window." Error, because the case in the hypothesis was not the case made by the pleadings, since plaintiff's declaration alleged that "On said night defendant exposed divers tempting viands to induce persons to go into said restaurant and pay him for eating there," there being a material difference between the case sued and the case supposed by the court; also because it invaded the province of the jury and charged them what facts would make out a case of negligence on the part of the defendant; also because the plaintiff should have been held to the exercise of due care, not only in walking upon the platform, but in leaving the sidewalk and in getting on the platform, and in approaching the window and the opening under all the surroundings.

Error in charging: "On the other hand, if you should believe from the evidence that the defendant did not at the time named rent and occupy the premises described in the declaration, or that he did not negligently permit such dangerous opening as has been mentioned, or that he did not have over said platform such display-window as has been explained above, or that the plaintiff did not, by being drawn to inspect said window, fall into said opening and receive the hurt which is the subject of complaint, it would be your duty to write a verdict for the defendant." Error, for the same reasons as stated in the preceding ground.

The court failed in the charge to cover all the substantial issues made by the evidence in the following respects: (1) The evidence tended to show, and defendant contended before the jury on the trial, that the defendant, before the accident occurred, had rented the space over the cellar steps to Baer, and that Baer at the time of the accident had control of said space; that it was Baer, and not the defendant, that had put the platform over the space, leaving said opening, and that therefore the defendant was not responsible for the opening being there, nor liable to the plaintiff for the injury he may have received by falling into it; but the charge of the court did not cover that defence nor submit to the jury the law relating to it. (2) A material issue in the evidence was, whether or not at the time plaintiff's alleged injuries were sustained, the opening in the platform into which plaintiff was alleged to have fallen, was in the dark, or whether it was lighted up by the electric lamp located at the junction of Broad and Marietta streets, one hundred or one hundred and twenty-five feet distant from the platform, and by another lamp placed in front of the defendant's restaurant, ten or fifteen feet from the platform; plaintiff having alleged in his declaration that said opening,

from the arrangement of the lights in the restaurant, was in the shade of the window-sill, and on the trial introduced much evidence to sustain the charge, and defendant having introduced evidence to show that if even the shadow of the window-sill did cover said opening, still the same was lighted and fully visible by reason of said two other lights. The court should have called the attention of the jury to this issue and charged them the law appertaining to it.

Error in charging: "After you settle that the plaintiff would lose so much annually on account of the injury, then the next step would be to determine how long the plaintiff would live. The plaintiff has introduced, to help you in this part of the investigation, certain mortality tables. These tables are not to be accepted by you, gentlemen, as establishing conclusively that the plaintiff will live the period of time which they show. They are before you just as any other evidence, and to be considered in connection with any other evidence that may be before you in ascertaining the plaintiff's expectation of life. After you have found that plaintiff will lose so much annually by reason of the injury and that he will live so many years (if you so find under the evidence), then the next thing to be decided would be, how much ought to be paid the plaintiff at this time by reason of this state of facts. The plaintiff has put in evidence another table which is intended to help you as to this part of the inquiry. This table is the last one of the tables published in the 70th volume of the *Georgia Reports*, as the tables are there arranged; you will find in connection with this a note which explains the manner in which it is to be used."

Because the damages found are excessive.

The motion was overruled, and defendant excepted.

BROYLES & SONS, and ARNOLD & ARNOLD, for plaintiff in error.

N. J. & T. A. HAMMOND, *contra.*

BLANDFORD, Justice.

This was an action to recover damages for injuries received by reason of the defendant in error having fallen into a hole, or cellar, on the premises occupied by the plaintiff in error. The declaration alleges that this cellar was near the sidewalk, in the city of Atlanta, and over it was a show-window in which were displayed certain viands and other things, put there for the purpose of inducing people to go into the restaurant of the plaintiff in error; that Lewis, passing along the street, stepped upon certain planks laid across this cellar opening, walked along the same four or five feet from the sidewalk, and fell into a hole, whereby he was injured. A verdict was had for Lewis, and Folsom moved for a new trial, alleging that the verdict was contrary to law and the evidence, and also that there was a variance between the proof offered to sustain the case of the plaintiff below and the allegations in the plaintiff's declaration. He also excepted to certain charges of the court, and the refusal of the court to charge as requested. This motion for a new trial was overruled, and Folsom excepted, and says the court erred in refusing to grant the same.

1. One of the grounds contended for by counsel for the plaintiff in error before us is, that Folsom was not liable because he let the opening above the cellar to another person for the purpose of establishing a certain stand to sell various things, and that the negligence in allowing a certain portion of the cellar to be open was not his, but was the negligence of the person to whom he let it. We think, under the circumstances of this case, that such negligence on the part of the person to whom the opening above the cellar was let, was charge-

able to Folsom, and that he was liable for any negligence on the part of the person to whom he thus temporarily let such opening, although such person himself might also have been liable.

2. It is insisted on the part of the plaintiff in error that there was a variance between the proof submitted by Lewis and the allegations in his delaration, in this: that the allegation was that there were certain viands and other things in this show-window above the opening, placed there by Folsom, which were calculated to tempt one passing along the street to look into the window, in which there was a gas-light; whereas the proof showed that there were certain boxes of oysters, and other things, in the show-window at the time, and that no such things were in the show-window as were alleged in the declaration. This alleged variance was not material to the merits of the case. It is enough if there was something in the window to attract attention.

3. We have looked into the charge of the court. We think the law, as applicable to the facts of the case, was correctly given by the court to the jury; and we do not think the requests made, on account of their general character and for the errors appearing therein, should have been given by the court to the jury; and therefore there was no error in charging the jury as the court did, or in refusing to charge as requested by the plaintiff in error; and the judgment of the court below is

*Affirmed.*