## MAYOR AND COUNCIL OF DALTON v. WILSON.

1. A municipal corporation is not liable for the failure or refusal to exercise its charter power to abate a nuisance maintained by a private individual upon private property, and not of such a character as to amount to an obstruction of a public street or to imperil the safety of travelers thereon; and this is true notwithstanding the nuisance in question may consist of a sewer which the municipal authorities allowed to be constructed by a private individual in part under the streets of the city, that portion of the sewer under the public streets not being itself the cause of any damage either to the public or to any private individual.

2. The petition in the present case, construed most strongly against the pleader, does not set forth a cause of action against the municipality for maintaining a nuisance. It is at most a complaint that the municipality consented to the erection of a nuisance by a private individual, and has failed and refused to abate the same.

Argued May 8, — Decided May 30, 1903.

Action for damages.     Before Judge Fite.     Whitfield superior court.     November 29, 1902.

*R. J. & J. McCamy*, for plaintiff in error.
*Shumate & Maddox*, contra.

COBB, J.    Wilson brought an action against the Mayor and Council of the City of Dalton, alleging, in substance, as follows: Petitioner with his family, consisting of a wife and several children, owns and resides upon a lot in the City of Dalton. There is a ditch within about 20 or 25 yards from the western end of petitioner's lot, and at the time he commenced to live thereon the water in the ditch ran freely and unobstructed along the ditch, and little or no fecal matter gathered therein.    For a number of years petitioner and his family were healthy and free from malarial diseases.    Several years after petitioner began to reside on the lot referred to, the Hotel Dalton was built, and "with the advice and consent, and, as petitioner charges and believes, with the co-operation of the Mayor and Council of the City of Dalton," a sewer was constructed from the hotel and emptied into the ditch near his property.    By reason of the construction of this sewer, and on account of the further fact that there is not a great deal of fall to the ditch, foul and fecal matter has accumulated in the bottom of the ditch to the depth of several inches, the result of which is to cause continued illness in petitioner's family from malarial diseases, to render it impossible, especially at certain seasons of the year, for petitioner and his family to reside in their home, and to seriously impair the market value

of his property. Petitioner made application to the city authorities to abate the nuisance, but they have failed and refused to do so, notwithstanding they have passed upon the question and adjudged the ditch to be a nuisance. The action of the mayor and council in allowing the ditch to remain in its unhealthy and filthy condition and their refusal to abate the same as a nuisance is gross negligence on their part, on account of which action petitioner claims damages, having previously filed his claim therefor with the mayor and council, as the law requires. Certain special demurrers to the petition having been filed, the plaintiff amended so as to allege that, while the minutes of the council do not show any agreement with the Hotel Dalton in regard to the construction of the sewer, there was in fact an agreement and the mayor and council consented that the sewer might be built, and thereby, as petitioner charges, became a party to the construction and direction of the construction of the sewer, as well as the place where it was to empty, well knowing at the time where the contents of the sewer would be emptied. It is also alleged that the Hotel Dalton made with the City of Dalton a contract to indemnify it against damages resulting from the construction of the sewer and its becoming a nuisance, this being a recognition on the part of the city that the sewer would become a nuisance. It is not alleged, either in the petition or the amendment, that the sewer was constructed along a public street, though there is an allegation in the amendment that the sewer crossed the streets of the city, and that this was done with the permission and consent of the city authorities. It is also alleged that the charter of the City of Dalton gives the mayor and council absolute authority to abate nuisances, and that their failure to abate a nuisance in a given instance is a ministerial duty, for the breach of which the municipality is liable. In addition to the special demurrers above referred to, the defendant demurred generally to the petition; and its demurrers being overruled, it excepted.

"Municipal corporations are not liable for failure to perform, or for errors in performing, their legislative or judicial powers." Political Code, § 748. See also *Rivers* v. *Augusta*, 65 *Ga.* 376; *Collins* v. *Macon*, 69 *Ga.* 542; *Wright* v. *Augusta*, 78 *Ga.* 241; *Love* v. *Atlanta*, 95 *Ga.* 129; *Nisbet* v. *Atlanta*, 97 *Ga.* 650; *Wyatt* v. *Rome*, 105 *Ga.* 312; *Tarbutton* v. *Tennille*, 110 *Ga.* 90; *Gray* v. *Griffin*, 111 *Ga.* 361; *City Council of Augusta* v. *Owens*, 111 *Ga.*

464, 477; *City Council of Augusta* v. *Little,* 115 *Ga.* 124; Nicholson *v.* Detroit (Mich.), 56 L. R. A. 601; Peterson *v.* Wilmington, 130 N. C. 76, s. c. 56 L. R. A. 959; Barron *v.* Detroit (Mich.), 19 L. R. A. 452, and notes; McDade *v.* Chester, 117 Pa. St. 414. Municipal corporations are, however, liable "for neglect to perform, or for improper or unskillful performance of their ministerial duties." Political Code, § 748. See also *Mayor of Savannah* v. *Spears,* 66 *Ga.* 304; *Collins* v. *Macon,* supra; *Smith* v. *Atlanta,* 75 *Ga.* 110; *City of Greensboro* v. *McGibbony,* 93 *Ga.* 672. In the case of Jones *v.* Williamsburg, 97 Va. 722, s. c. 47 L. R, A. 294, Riely, J., in referring to the distinction above stated, uses the following apt and appropriate language: "A municipal corporation has a dual character, the one public and the other private, and exercises correspondingly two-fold functions, the one governmental and legislative, and the other private and ministerial. In its public character, it acts as an agency of the State, to enable it the better to govern that portion of its people residing within the municipality; and to this end there is granted to or imposed upon it, by the charter of its creation, powers and duties to be exercised and performed exclusively for public governmental purposes. These powers are legislative and discretionary, and the municipality is exempt from liability for an injury resulting from the failure to exercise them, or from their improper or negligent exercise. In its corporate and private character there are granted unto it privileges and powers to be exercised for its own private advantage, which are for public purposes in no other sense than that the public derives a common benefit from the proper discharge of the duties imposed or assumed in consideration of the privileges and powers conferred. This latter class of powers and duties are not discretionary, but ministerial and absolute; and, for an injury resulting from negligence in their exercise or performance, the municipality is liable in a civil action for damages, in the same manner as an individual or private corporation. The line of distinction is clearly drawn by the courts and text-writers, and the exemption of the municipality from liability in the one case, and its liability in the other for an injury resulting from negligence, firmly established." Cases often arise where the courts find it difficult to determine to which class they belong, but the distinction between the two classes is none the less definitely drawn in the law. The conflict in the decisions on the subject is due to the fact that different courts

have not reached the same conclusion upon a similar state of facts where the cases are near the line that bounds the two classes.

As a general rule, the courts have held that the duty imposed upon municipalities to abate nuisances existing upon private property within its limits is a duty which is judicial in its nature, and that for a failure to perform this duty, or for errors in the performance of it, the municipality is not liable in damages. Armstrong v. Brunswick, 79 Mo. 319; Davis v. Montgomery, 51 Ala. 139, s. c. 23 Am. Rep. 545. There are also a number of rulings to the effect that where the nuisance is in a public street, the failure to abate it is a judicial rather than a ministerial act, and the city is not liable to an action for damages at the instance of one injured on account of the existence of the nuisance in a public street. Mayor v. Vandegrift, 1 Marvel (Del.), 5, s. c. 65 Am. St. Rep. 256; Kent v. Cheyenne, 2 Wyo. 6; Campbell v. Montgomery, 53 Ala. 527, s. c. 25 Am. Rep. 656. In some cases municipalities have been held liable for permitting or for failing to abate a nuisance in a public street. Little v. Madison, 42 Wis. 643, s. c. 24 Am. Rep. 435; Taylor v. Cumberland, 64 Md. 68. It has also been held that where a nuisance is adjacent to a public street and of such a character that one using the street may be injured thereby, the city is not liable for a failure to abate the same. Cain v. Kansas, 87 Mo. 103, s. c. 56 Am. Rep. 443; Butz v. Cavanaugh, 137 Mo. 503, s. c. 59 Am. St. Rep. 504; Howe v. New Orleans, 12 La. Ann. 481. In this State, where the nuisance is in or near a public street, the municipality is liable to one who uses the streets and thereby suffers special damage from the existence of the nuisance and on account of the failure of the municipality to abate the same. Parker v. Macon, 39 Ga. 725. The doctrine that the municipality will be liable for failing to abate a nuisance in or near a public street grows out of the well-established rule in this State, that a municipal corporation is bound to keep its streets and sidewalks in a reasonably safe condition, and that the failure to perform this duty constitutes a breach of a ministerial duty and renders the municipality liable to one who is injured by the failure. In such a case the municipal corporation is not held liable for a failure to perform the judicial duty of abating a nuisance, but for the failure to keep its streets and sidewalks free from obstructions which are dangerous to the traveller. It has been held in Tennessee that a mu-

nicipal corporation, having charter power to enact ordinances necessary and proper to preserve the public health and to prevent and remove nuisances, is indictable for permitting a slaughter-house to be kept upon the private property of a citizen within the town, to the detriment of the public health or comfort. State *v.* Shelbyville, 4 Sneed, 176. An indictment might satisfy the public offense where the nuisance was a public nuisance, and there might be an action for damages against the municipality where the nuisance was maintained by the municipality itself.

But it seems to be well settled that there can be no action for damages where the nuisance is maintained by a private individual upon private property, and the maintenance of the nuisance in no way amounts to an obstruction of a public street or in any way imperils safety of the travelers upon the street. In such a case the remedy of the party aggrieved is by an action for damages against the one who maintains the nuisance ; or in the event the party maintaining it is insolvent, or the damages are irreparable, or the nuisance is a continuing one, equity would interfere by injunction to abate the same at the instance of the person aggrieved. *Butler* v. *Thomasville,* 74 *Ga.* 570; *Forsyth* v. *Atlanta,* 45 *Ga.* 152. Upon the subject of the liability of municipal corporations generally, see Hopkins' Pers. Inj. § 469, et seq.; 2 Wood, Nuis. (3d ed.) §748 et seq.; 2 Dill Mun. Corp. (4th ed.) §949 et seq., 1048 et seq. The petition in the present case properly construed does not set forth a cause of action against the city for maintaining a nuisance. It is not claimed that the allegations are sufficient to make a case where the municipality is in direct control of the property upon which the alleged nuisance exists, or of the ditch or sewer which is alleged to constitute the nuisance. The allegations of the petition are to be construed most strongly against the petitioner, and under these allegations the case is to be dealt with as if the ditch were wholly on private property and owned by private individuals. It is not in terms alleged that the municipality maintains, controls, or operates the alleged nuisance. The petition at most alleges merely permissive conduct on the part of the city, and a failure and refusal to abate the alleged nuisance. It has, under its charter, the right to abate a nuisance. If the sewer and ditch are maintained as a nuisance, it is the duty of the city to abate it; but this duty is judicial and not ministerial, and for a failure to exercise this duty or

for errors in attempting to exercise it the city is not liable to an action of damages. There is no allegation that the sewer or ditch interferes in any way with safe passage along the public streets; and the mere fact that the city consented to the construction of the sewer and acted in such a way as to recognize that if it became a nuisance the city would be liable to persons injured by it, and the further fact that it adjudged the sewer to be a nuisance, does not render it liable for a failure to abate it. The fact remains that the nuisance is maintained by private individuals on private property, and, so far as the allegations of the petition are concerned, does not interfere with the safe use of the public streets of the city. The judge erred in overruling the demurrer.

*Judgment reversed. By five Justices.*