8435. Adams *v.* Klasing.

George, J. 1. This suit was for personal injuries occasioned by the breaking of a flight of steps leading to a house rented and occupied by the plaintiff as a tenant of the defendant. The charge of negligence was that the defendant failed to inspect and repair the steps, and that the steps as originally constructed were attached to the building by a defective piece of timber. From the evidence introduced by the plaintiff it appeared that he had exclusive possession of the rented premises, and had occupied the building for two months prior to the injury. The defective timber supporting the steps, by means of which they were attached to the house, could be discovered only by inspection. The evidence did not disclose when the building or the steps were constructed, nor by whom. The evidence did not authorize the inference that the defendant constructed, or caused to be constructed, either the building or the steps. So far as appeared, the landlord did not know of the defective construction of the steps. Indeed, the plaintiff did not know of the condition of the steps, and could only have discovered it by special examination. *Held,* that the grant of a nonsuit was proper.

2. The landlord is ordinarily under no duty to inspect the premises while the tenant is in possession, in order to keep informed as to their condition, where the tenant is entitled to and has the exclusive use and possession of the premises. *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578).

3. Nor will the landlord be liable for injury to the tenant on account of the defective construction of rented property which the landlord has not constructed or caused to be constructed. The liability of a landlord for defective construction of a building exists only where the building is erected by him in person or under his supervision or direc-

tion. If the building was defectively constructed by a predecessor in title, and the landlord knew, or in the exercise of reasonable diligence could have known, of its improper construction before the tenancy was created, he would be answerable to the tenant for injuries sustained by reason of the failure to put the premises in a safe condition, if the tenant could not have avoided the injury by the exercise of ordinary care.        *Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED JUNE 14, 1917.

Action for damages; from Floyd superior court—Judge Wright. January 10, 1917.

*Eubanks & Mebane,* for plaintiff.

*Denny & Wright,* for defendant.