## 12657. MARR v. DIETER.

HILL, J.   1. A landlord is responsible to a guest of his tenant for damages arising from defective construction or for damages from failure to keep the premises in repair. Civil Code (1910), § 3694. In the first case knowledge of the defective construction by the landlord is conclusively presumed. *Monahan* v. *National Realty Co.*, 4 *Ga. App.* 680 (62 S. E. 127). In the second case the landlord is entitled to notice, either actual or constructive. *Ocean Steamship Co.* v. *Hamilton*, 112 *Ga.* 903 (38 S. E. 204).

2. Where the landlord retains a qualified possession of the rented premises, himself attending to the supervision of the building, collecting the rents, and personally or by an agent making repairs, he is liable for an injury resulting from a defective condition of the building, if he has actual notice of such defective condition, or if, in the exercise of ordinary and reasonable care and diligence, he ought to have known of it. *Monahan* v. *National Realty Co.*, supra; *Davis* v. *Hall*, 21 *Ga. App.* 268 (94 S. E. 274).

3. Ordinarily the landlord is under no duty to inspect the premises while the tenant is in possession, in order to keep informed as to its condition, yet where the landlord does inspect the premises and in such inspections finds a defect caused either by original construction or by a want of repair, and himself undertakes to remedy such defect, he is responsible for an injury due to improper or imperfect repairs. *Adams* v. *Klasing*, 20 *Ga. App.* 203 (92 S. E. 960).

4. A landlord making repairs on the rented premises, either voluntarily or in compliance with his statutory obligation, is required to use due care to leave the repaired portion free from defects; and for personal injuries received by the tenant, or one lawfully on the premises as the guest of the tenant, from negligence in making repairs, when the injured person had no notice of such defective condition and was in the exercise of due care, the landlord is liable. See notes in 34 L. R. A. (N. S.) 806.

5. A landlord would be responsible for injuries to a tenant occasioned by defects in the structure either when the landlord knew of such defects "before the tenancy was created" or discovered the existence of such defects after the tenancy was created, and especially would this be true if the landlord, after such discovery, attempted himself unsuccessfully to repair such defects when the tenant had no notice, actual or constructive, of such defective condition. The decision of the Supreme Court in *Ross* v. *Jackson*, 123 *Ga.* 657 (51 S. E. 578), properly construed, does not limit the responsibility of the landlord for improper construction to knowledge actual or constructive, of the defective condition "*before* the tenancy was created."

6. The evidence showed a latent defect in the mantel-piece in a room of the rented house, which caused it to fall upon the plaintiff, injuring her foot. Whether this defect was due to improper construction and was known to the landlord before the tenancy was created does not clearly appear. It does appear that the landlord actually discovered that the mantel was defective and himself attempted to repair it. Subsequently to his effort to make the repairs the injury occurred from the falling of the mantel. These facts would warrant a verdict for the plaintiff for damages due to improper repairs as the proximate cause of the

injury, in the absence of notice by the tenant or by the plaintiff of the defective condition of the mantel after the landlord had attempted to repair it. *McGee* v. *Hardacre*, 27 *Ga. App.* 106 (107 S. E. 563).

7. Applying these principles of law to the evidence in support of the allegations of the petition, the nonsuit was unauthorized.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 18, 1921.

Action for damages; from Chatham superior court — Judge Meldrim. April 5, 1921.

*Oliver & Oliver,* for plaintiff.

*Stephens, Barrow & Heyward,* for defendant.