22670. HEAD *v.* CITY COUNCIL OF AUGUSTA.

SUTTON, J. 1. A municipality is not liable for injuries resulting from a nuisance maintained by individuals on their own property, notwithstanding such a nuisance might be abated or removed, unless the maintenance of the nuisance imperils the safety of travelers on the sidewalks and streets of the municipality, and the injury caused by such nuisance is to one using such streets or sidewalks. *Mayor &c. of Dalton* v. *Wilson,* 118 *Ga.* 100 (44 S. E. 830, 98 Am. St. R. 101) ; *City of Macon* v. *Roy,* 34 *Ga. App.* 603 (130 S. E. 700) ; *Parker* v. *Macon,* 39 *Ga.* 725 (99 Am. D. 486). The doctrine of the liability of a municipality for failure to abate a nuisance near a public street or sidewalk arises out of the rule that a municipal corporation is bound to keep its streets and sidewalks in a reasonably safe condition, and that failure to per-

form this duty constitutes a breach of a ministerial duty and the liability does not rest upon a failure to perform the judicial function of abating a nuisance. *Mayor &c. of Dalton* v. *Wilson*, supra.

2. Where the wall of a building is left standing after a fire on private premises near a street and sidewalk, and is in a dangerous condition, a municipal corporation is not liable for an injury, caused by the collapse of the wall, to a person not on such street or sidewalk at the time. *Parker* v. *Macon*, supra; 43 C. J. § 1810, 1031. In such a case a municipal corporation would not be liable for the death of the plaintiff's wife, who was visiting in a house on private premises adjacent to the dangerous wall when the wall collapsed and killed her. *Kiley* v. *Kansas City*, 87 Mo. 103 (56 Am. R. 443).

3. It follows from the foregoing rulings that a suit for damages can not be maintained against a municipal corporation by one whose wife was killed by the collapse of a dangerous wall left standing on private property after a fire, and not maintained or operated by the municipality, while she was visiting a friend in a building adjacent to the unsafe wall, although the municipality had knowledge of the unsafe and dangerous condition of the wall and at the time of its collapse was engaged in endeavoring to have it demolished.

4. The fact that the municipality's superintendent of construction knew of the unsafe condition of the wall and that under an ordinance of the municipality he could have done what was necessary in his judgment to remove this dangerous wall and with the co-operation of the police department of the municipality to have closed the street and sidewalk adjacent to the dangerous structure, and that he failed to do this, does not render the municipality liable in damages for an injury to one not on the street or sidewalk at the time, caused by the collapse of the dangerous wall.

5. Applying the above principles, the court did not err in sustaining the demurrer and dismissing the plaintiff's petition against the city for the death of his wife caused by the collapse of the brick wall, which was on private property, and his wife was not upon the street or sidewalk adjacent to the wall at the time she was killed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 5, 1933.

*A. R. Williamson, C. Vernon Elliott, I. S. Peebles Jr.,* for plaintiff. *J. Paul Stephens,* for defendant.

