25893. DOBBS *v.* NOBLE *et al.*

DECIDED FEBRUARY 3, 1937.

202

*Ben C. Williford,* for plaintiff.

*McElreath, Scott, Duckworth & DuVall,* for defendants.

FELTON, J. 1. An executor, who by will is given authority to manage and rent a building for the benefit of himself and other legatees, may be held liable as such executor for injuries resulting from a defective condition of the rented premises, under the legal rules which control individuals (*Miller* v. *Smythe,* 92 *Ga.* 154, 18 S. E. 46; *Evans* v. *Dickey,* 50 *Ga. App.* 127, 177 S. E. 87); but unless some duty or right of control over the property is vested in him beyond his mere representative power, he is not personally liable. The instant petition was subject to the general demurrer by the defendant as an individual, because it failed to show any basis for personal liability.

2. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. This liability extends to excavations either on the premises or immediately adjacent to a sidewalk, a highway, or private way habitually used by the public. *Greenfield* v. *Watson,* 54 *Ga. App.* 9 (187 S. E. 183); *Cox* v. *Greenfield,* 50 *Ga. App.* 699 (179 S. E. 178). "The landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resultings from the negligence or illegal use of the premises by the tenant; but he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair." Code, § 61-112. "The word 'owner' as used in the . . Code [§ 105-401] . . is not synonymous with 'landlord,' as the latter word is used in . . [§ 61-112]; and where the owner of land has fully parted with both possession and right of possession by any lawful contract of rental, his liabilities are those prescribed by . . [§ 61-112]. In such a case . . [§ 105-401] is without application. It is otherwise where the possession or the right of possession is not fully parted with." *Augusta-Aiken Railway &c. Corporation* v. *Hafer,* 21 *Ga. App.* 246 (94 S. E. 252).

3. Under the Code, § 61-112, a landlord may be held responsible both to the tenant or his invitees and to third persons for damages arising from a "defective construction" of premises. If the defective structure is built by the landlord or under his direction, his knowledge of the defective condition will be conclusively presumed. *Fuller* v. *Louis Steyerman & Sons Inc.*, 46 *Ga. App.* 830, 835 (169 S. E. 508) ; *Monahan* v. *National Realty Co.*, 4 *Ga. App.* 680, 685 (62 S. E. 127). See also *Mayor &c. of Brunswick* v. *Braxton*, 70 *Ga.* 193, 195. But if the structure has been built by a predecessor in title of the landlord or some other person not acting under his supervision or direction, before the landlord can be held responsible, it must appear that he actually knew or by the exercise of ordinary diligence could and should have known, of the improper construction before the tenancy was created. Unless the landlord retains some control or right of control, or assumes control, over the premises, he is ordinarily under no duty to inspect their condition while the tenant remains in possession, and is not chargeable with liability for a defective construction not made by him or under his direction, or for a failure to make repairs, unless and until he is given notice or obtains actual knowledge of the condition, or on his own initiative assumes to remedy or repair the defect. *Ross* v. *Jackson*, 123 *Ga.* 657, 658 (51 S. E. 578) ; *White* v. *Montgomery*, 58 *Ga.* 204 (2) ; *Stack* v. *Harris*, 111 *Ga.* 149 (36 S. E. 615) ; *Ocean Steamship Co.* v. *Hamilton*, 112 *Ga.* 901, 903 (38 S. E. 204) ; *Marr* v. *Dieter*, 27 *Ga. App.* 711 (109 S. E. 532).

4. In this suit by a servant or an invitee of the United States Government, the tenant of the building, against the defendant executor, the landlord, on account of personal injuries sustained in a fall at night into an unprotected well commencing at or near the edge of a city sidewalk, and extending down to a cellar of the building, the amended petition alleged that this well "had been maintained upon said premises more than six months prior to your petitioner's said injuries, and this defendant knew thereof, or could and should have known by the exercise of ordinary care." The petition charged merely negligence by the defendant landlord in the maintenance of, failure to protect, and failure to place a light or guard around the hole. It alleged that the property was "turned over, . . delivered," and was rented at some unstated

time by the executor to the government for its use in the feeding and housing of persons on relief, without, so far as shown or indicated, any retention of control or right of possession in the executor. No negligent construction or creation of the defective condition by the executor or any one acting under his direction was charged. It does not appear who actually created the well or hole, whether some predecessor in title of the executor, or the Government as tenant, or some other person. The charge in the alternative that the defendant "knew thereof, or could and should have known by the exercise of ordinary care," of the alleged dangerous condition, construed against the pleader, alleges merely implied notice arising from some unstated legal duty, and not actual knowledge on the part of the defendant. *Koch Co.* v. *Adair*, 49 *Ga. App.* 824 (2) (176 S. E. 680), and cit. Under the foregoing rulings, in the absence of any averment of fact showing or creating a legal duty, the executor could not be held liable on the theory that the "defective construction" existed before the injury, and that he ought to have known thereof. The court did not err in dismissing the action on general demurrer by the defendant as executor.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*