Myers, J.
 

 In order to determine whether the Court of Common Pleas committed error prejudicial to the owner, it is necessary to examine the covenant in the lease relating to repairs of the building in question. Did that covenant in any manner change or lessen the responsibility of the owner to a pedestrian on the sidewalk? The covenant states that “The lessor shall keep the outside of said building in good repair *
 
 *
 
 That does not lessen the responsibility or liability of the owner to the pedestrian on the sidewalk as to any part of the outside of the building. Whatever duty he owed the public as to the outside of the building, before the lease, he still owed thereafter.
 

 Under the lease, both the sash and the sash cord were to be considered a part of the outside of the building. The covenant permits no other construction. It expressly states that for the purpose of repairs “all window glass shall be considered as inside.” Obviously other parts of the window, like the sash and sash cord, must be considered as outside. That being true, the obligation of the landlord toward the pedestrian on the sidewalk in respect to the proper maintenance and repair of the outside of the building remained the same as before the execution of the lease. There is nothing in the lease to the contrary. With respect to the window sash that fell, the situation was no different than if a part of the roof or wall had given way. Under the lease it was a part of the outside of the building. The fact that the owner had no knowledge of its dangerous condition does not relieve him from liability to the pedestrian on the sidewalk any more than would lack of knowledge of the dangerous condition of any other part of the outside of the building.
 

 The Court of Common Pleas admitted evidence to
 
 *113
 
 the effect that the owner immediately after the injury made repairs to the window in question. The owner objected, asking that it be limited to the matter of control of the building, but the court at the time of admitting it stated that it would bear on the question of liability. Later, before argument by counsel, the court gave to the jury defendant Lackman’s special charge number four reading as follows: “You are instructed that proof of repairs made after an accident can not be considered by you as any evidence at all that the party making such repairs had been negligent before the accident.” When timely objection was made by the owner and a request that evidence concerning repairs be limited to a construction of the lease the trial court should have immediately told the jury that the evidence was being admitted for and limited to that purpose. However, since the special instruction, as requested by the owner,' was given in full, we find no prejudicial error in that respect.
 

 It was next urged by the owner in the Court of Appeals that the Court of Common Pleas erred in giving to the jury plaintiff’s special charge number one, which is as follows: “It is not disputed that at the time of the accident complained of, that defendant Schutte was a tenant in the premises under a written lease with defendant owner, Lackman. You are instructed that the effect of the words employed in that lease is, that all parts of the windows other than glass, were to be regarded as part of the outside of the building,' and as such, Lackman undertook to keep them in good repair.” We find no error prejudicial to the owner in the instruction given. It is a clear and correct interpretation of the covenant in the lease in respect to repairs.
 

 Another assignment of error strongly urged by the owner in the Court of Appeals as prejudicial to him concerned the general charge of the trial court in respect to issues arising upon the pleadings. It is
 
 *114
 
 claimed that the trial court failed properly to present the issues made by the pleadings, especially in respect to control of the building, and the relationship .and respective responsibility of owner and tenant. We find ample allegations in the pleadings charging the owner with liability for the unsafe and dangerous condition of the window and that part of the building. The fact that allegations in the petition also charged the tenant with liability did not relieve the owner from
 
 Ms
 
 obligation in regard to the outside of the building. Under the maxim
 
 “sic utere tuo ut alienum non laedas”
 
 the owner was obliged to maintain and repair the outside of the building to prevent injury to pedestrians on the sidewalk even as before the execution of the lease. The situation here is not the same as in
 
 Burdick
 
 v.
 
 Cheadle,
 
 26 Ohio St., 393, 396, where the plaintiff had come into the building as a customer, an invitee of the tenant. Here there was no relationship of that nature between plaintiff and the tenant. We find no error prejudicial to the owner in the general charge of the trial court in respect to the issues arising upon the pleadings. As to the tenant in that respect we are not obliged to inquire since there was no appeal affecting him from the Court of Common Pleas.
 

 Other errors were urged by the owner in the Court of Appeals hut in respect thereto we are in accord with that tribunal in finding no merit to such claims.
 

 The judgment of the Court of Appeals will he reversed and the judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.