28788. ROURKE *v.* CLIFTON.

DECIDED MARCH 8, 1941.

476

*Anderson, Cann & Dunn,* for plaintiff in error.
*Nolie B. Wyse, Gilbert E. Johnson,* contra.

STEPHENS, P. J.  (After stating the foregoing facts.)  "One who rents premises to another and, after undertaking to repair them, assures the tenant they are in safe condition to be used, is liable to the tenant for injury resulting from their improper repair."  *Hill* v. *Liebman Inc., 53 Ga. App.* 462 (2) (186 S. E. 431), and cit.; *Jadronja* v. *Bricker, 49 Ga. App.* 37 (174 S. E. 251), and cit.; *Marr* v. *Dieter, 27 Ga. App.* 711 (109 S. E. 532); *Adams* v. *Klasing, 20 Ga. App.* 203 (92 S. E. 960); *Graham* v. *McCullough, 58 Ga. App.* 668 (199 S. E. 773).  It appears from the allegations of the petition as amended that the alleged improper or insufficient repairs to the steps, made by the defendant, were the proximate cause of the step breaking and tilting forward and thus causing the plaintiff to be injured.  It does not appear, as contended by the defendant, that the "defectively repaired steps would have withstood constant use for a period of four months," that such period "was a sufficient period, so that some new defect had time to arise and cause the step to break," and therefore that the petition as amended failed to allege a cause of action, because "there is no allegation that notice was given of any new defect." It does not appear, as contended by the defendant, that the plaintiff could have seen that the step which broke and tilted forward was in a defective condition, and therefore that the defect in the

steps which caused the plaintiff's injury must have been apparent to her in the exercise of ordinary care. The defendant also contended that "no step actually repaired in the negligent manner described in the petition could possibly have withstood constant use by a family of five for a period of four months," and that, the defect in the steps "being apparent, the plaintiff in the exercise of ordinary care should have discovered it and governed herself accordingly." This contention is not authorized by the allegations of the petition as amended. Under the authorities and principles of law above referred to, the petition as amended was not subject to any of the demurrers, and the judge properly overruled them.

*Judgment affirmed. Sutton and Felton, JJ., concur.*